## SHEPHERD, PRO AMI., *vs.* SHAEFER ET AL.

[BILL IN EQUITY BY MARRIED WOMAN AGAINST HUSBAND'S VENDOR TO SUBJECT PROPERTY, BOUGHT BY HER HUSBAND AND PARTLY PAID FOR WITH MONEY OF HER SEPARATE ESTATE, AND WHICH PROPERTY HAD BEEN SOLD FOR THE REMAINDER OF THE PURCHASE-MONEY, TO THE PAYMENT OF THE AMOUNT OF HER SEPARATE ESTATE INVESTED IN IT.]

1. *Statutory separate estate, investment of, in property by husband; when bill to subject property for payment of amount so invested is without equity.*—Where a husband purchased real estate in his own name, making partial payments for it with money which was the separate statutory estate of the wife, and the property was subsequently sold under a decree of the chancery court for the payment of the remainder of the purchase-money, a bill in chancery by the wife to subject the property to the repayment of her money, filed against her husband's vendor and the purchaser at the chancery sale, which does not allege knowledge on their part of the use of her money in derogation of her right, is without equity.

APPEAL from Chancery Court of Lee and Chambers.

Heard before G. D. HOOPER, Esq., a solicitor of the court, as special chancellor.

The facts are sufficiently stated in the opinion.

C. D. HUDSON, for appellant.

W. H. BARNES & E. G. RICHARDS, *contra*.

[Briefs did not come into Reporter's hands.]

B. F. SAFFOLD, J.—The appellant's bill presents the following case. She had a separate statutory estate of about fifteen hundred dollars which her husband paid to the defendant, D. F. Shaefer, on a purchase by him from the said defendant of certain real property. The property was subsequently sold under a decree of the chancery court for the payment of the balance due on the purchase, and bought by the defendant F. Shaefer. Beyond a mere general charge of fraud, it is not alleged that these defendants had any knowledge of the complainant's rights in the matter. The relief sought, is the sale of the property and the return of the complainant's money to her. The bill was dismissed without prejudice for want of equity.

The relief asked can not be obtained, without allegation and proof of the defendant's knowledge, that the use made of the complainant's money by her husband, was in derogation of her right. A person can not be treated as a trustee *in invitum* without some fault on his part. If the defendant, D. F. Shaefer, parted with his property for a price not shown by a statement of some facts or circumstances to have been fraudulently excessive, and received from the purchaser a portion of the purchase-money, not knowing that it was obtained by a breach of trust, his equity to have the property applied to the payment of the balance due, is superior to that of the complainant, who has been injured by her husband, without the knowledge or concurrence of the defendants.

The decree is affirmed.