# Nelson v. Holly.

*Bill in Equity to enforce Vendor's Lien for Purchase Money of Land;. Cross-bill by Wife, claiming Statutory Separate. Estate..*

1. *When conveyance of lands will relate back; relinquishment of dower between dates of contract and conveyance.* — Where the vendor of lands receives payment of. the purchase money at the time of the sale, and puts the purchaser in possession, his deed, subsequently executed, will relate back to the date of the contract; and his wife's relinquishment of dower to the purchaser, executed during the intermediate time, will be upheld.

2. *Purchase for valuable consideration without notice of wife's equity.* — Where the vendor of lands receives, in part payment of the purchase money, another tract of land, for which the purchaser and his wife execute a conveyance in proper form, and afterwards files his bill to enforce his lien for the unpaid balance of the purchase money, the wife of the purchaser cannot, by cross-bill, have the land so conveyed declared to be her statutory separate estate, because paid for with her money, without proving that the complainant had knowledge of her equity, or was chargeable with notice of it.

APPEAL from the Chancery Court of Tallapoosa.
Heard before the Hon. B. B. MCCRAW..

GEO. W. GUNN, for appellant.

WM. H. BARNES, *contra.*

[Nelson v. Holly.]

B. F. SAFFOLD, J. — The appeal is from a decree enforcing the vendor's lien upon land, and dismissing a cross-bill. The appellee, Holly, was joint owner, or tenant in common, with Turner, of some town lots which they had purchased from Chambliss and wife. He sold his undivided half interest therein to Hardy S. Nelson, in February, 1868, receiving from him, as the consideration, a tract of land, and his promissory note for $566.50. He gave bond to make titles when the purchase money should be paid, and received a deed from Nelson and his wife for the land taken in exchange. The original bill was filed by him, to subject the interest in the lots sold to the payment of the note. Turner and Nelson were both made defendants, though there does not seem to have been any necessity for connecting Turner with the matter. Nelson answered, that the complainant was not able to make a sufficient deed to him, because his vendor, Chambliss, was, at the time he sold to the said complainant, notoriously insolvent, with judgments outstanding against him, and since then had fled the country. Mrs. Martha Nelson, wife of the said defendant, obtained leave to be made a defendant, and submitted a cross-bill against Holly and her husband. She alleged, that the land which her husband and herself had conveyed to Holly had been purchased by the said Nelson with money derived from her separate statutory estate, though the title was taken in his name, and that she had joined in the conveyance in ignorance of her right ; and she now prayed that the title to it might be divested out of the complainant and vested in her.

1. The proof does not establish any impediment to the making of a perfect title by Holly. Mrs. Chambliss' relinquishment of dower, in favor of Holly and Turner, was executed by her in 1867, in consideration of $200 ; while Chambliss' deed to them bears date in 1870. Holly says, he purchased from Chambliss in 1867. The Revised Code (§ 1626) empowers the wife to relinquish her right to dower, by joining with her husband in a conveyance of the land, or, subsequent to such conveyance by the husband, by an instrument in writing releasing her right to dower in the land so conveyed. Where a contract of sale has been made by a husband, especially if he has put the vendee in possession and received the purchase money, his deed, subsequently made, will relate back to the date of the contract. When such is the case, it cannot be said to be subsequent to the relinquishment of dower made by the wife in pursuance of the contract. No special objection on this account appears to have been taken ; and, without deciding under what circumstances, if any, the wife's relinquishment of dower may precede the execution of a conveyance by her husband, it is sufficient to say that no error of the court is shown in this

particular. Chambliss made his deed in Texas. If he had abandoned his wife, and abjured the State, she had a right to act as a *feme sole*. *Krebs* v. *O' Grady*, 23 Ala. 726. This may have been a fact so well known as not to have been deemed by the parties worthy of question.

2. Mrs. Nelson, neither in her cross-bill, nor in the evidence taken in her behalf, claims that Holly was apprised of any interest she had in the land conveyed to him by her husband and herself. He is, therefore, as to her right to have that land decreed her separate estate, a *bonâ fide* purchaser for valuable consideration without notice. Without criticising her privilege of coming into this case, under the allegations of her cross-bill, it is enough to say, that without proof of his knowledge of her equity, or of something in his claim of title to put him on inquiry, she is precluded from relief. *Shepherd* v. *Shaefer*, 45 Ala. 233.

The decree is affirmed.