# Haygood v. Marlowe.

*Bill in Equity by Vendor, for Foreclosure of Mortgage given for Purchase-Money of Land.*

1. *Conveyance and defeasance construed as parts of one contract.* — When a conveyance of land by the vendor to the purchaser's wife, and a mortgage by the purchaser and his wife to secure the payment of the purchase-money, are executed on the same day, they are to be construed together as parts of one and the same transaction ; and the wife's rights under the deed, coupled with the disabilities of her coverture, cannot defeat the vendor's rights under the mortgage.

2. *Purchase of lands by husband, in name of wife, or with her money, and mortgage*

[Haygood v. Marlowe.]

*for unpaid balance; rights of respective parties under contract.* — If lands are bought by the husband, and a conveyance taken in the name of his wife, a cash payment being made with money belonging to her statutory separate estate, and a mortgage on the land given by both husband and wife for the unpaid balance; the wife may, under the authority of *Cowles v. Marks* (47 Ala. 612), rescind the contract, and recover back her money; but, if the contract was made with the husband alone, and the vendor had no notice of the wife's claim to the money, his equity under his mortgage would be superior to hers; and if she claims the money as a donation from her husband, and it is shown to have been advanced to him by his employers out of his future earnings, she must show that the gift was perfected by delivery, and that the vendor had notice of her rights.

3. *Gift; what constitutes.* — To constitute a valid gift of money by a husband to his wife, delivery must be shown.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. CHARLES TURNER.

The bill in this case was filed on the 7th August, 1872, by George F. Marlowe, against Eugene C. Haygood, individually, and as administrator of his deceased wife, Alice M. Haygood; and sought to foreclose a mortgage on a tract of land, which was executed to the complainant by said Haygood and his wife, and to enjoin two actions at law, which the said Haygood had instituted, as administrator of his said wife, and in the name of her infant daughter, to recover the land. The material facts of the case are stated in the opinion of the court. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

MORGAN, LAPSLEY & NELSON, GEORGE W. GAYLE, and S. F. RICE, for appellant.

PETTUS & DAWSON, *contra.*

B. F. SAFFOLD, J. — The bill is one to foreclose a mortgage of land, given to secure the purchase-money. The appellee, Marlowe, conveyed a house and lot to the wife of the appellant, Haygood. On the same day, he took a mortgage of the premises, executed by her and her husband, to secure the payment of three promissory notes made by the husband, for the aggregate amount of about $5,500. These notes, together with a cash payment of $2,500, constituted the consideration of the house and lot, and some furniture which was estimated at $2,000. The rights of the parties grow out of the case as thus stated.

Mrs. Haygood subsequently died, leaving an infant daughter. Her husband then surrendered possession of the house and lot to Marlowe, as being unable to pay for it. Afterwards, as administrator of his wife, he instituted an action of ejectment against Marlowe, to recover the same. Marlowe then filed this bill, to enjoin the further prosecution of that suit, and to foreclose his mortgage.

[Haygood v. Marlowe.]

The merit of the defence is contained in these propositions: 1. That the conveyance of Marlowe vested in Mrs. Haygood a statutory separate estate, which was not at all affected by the mortgage, on account of her coverture at the time of executing it. 2. That the cash payment of $2,500 was made with her money, and that amount ought to be refunded to her, if a sale of the property is ordered. It is unnecessary to consider a third defence, set up by E. C. Haygood — that if he was unable to pay the purchase-money, the contract was to be rescinded — as this rests solely on a verbal agreement, testified to by him alone, and as positively contradicted by Marlowe's testimony.

Admitting all the disabilities of coverture, it cannot be held that a married woman may acquire and retain the property of another, without payment of the price, on his conveyance and her defeasance, simultaneously executed, each being in immediate consideration of the other. Both deeds make but a single contract, whether valid or invalid, and must stand or fall together. It was not the intention of these parties that Mrs. Haygood should have the house and lot unless the purchase-money was paid. On what principle, then, can Marlowe's deed be made to stand, if Mrs. Haygood's mortgage is to be held for naught? Under the influence of *Cowles* v. *Marks*, 47 Ala. 612, if the contract cannot be complied with, her remedy is to have the sale to her set aside, and whatever money she has paid returned to her.

But we are not persuaded that the contract was made with her, or that any portion of the cash payment belonged to her separate statutory estate. It was entirely legitimate for Marlowe to contract with E. C. Haygood for the sale of the house and lot, and furniture, on payment to be made by him, in cash and on credit, the conveyance to be made to Mrs. Haygood. In such case, equity would find no difficulty in sustaining the vendor's lien, or in upholding the mortgage as a part of the conveyance. 2 Story's Eq. Jur. § 1225; *Byrne* v. *Marshall*, 44 Ala. 355; *Strong's Executors* v. *Brewer*, 17 Ala. 706.

It does not appear that, at the date of this contract, either Haygood or his wife had any property, except $500, which he swears he had previously given to his wife, to be used in the purchase of a house for her; but which Marlowe swears he paid over to him, telling him that it was his earnings due from a certain bank. It rather is shown that this was all of their available means. Marlowe is not charged with knowledge of Mrs. Haygood's claim to it, and he seems not to have had any. No possession of it by Mrs. Haygood is proved. The $2,000 was clearly not hers, because Haygood himself says it was advanced to him by his employers, and paid to Marlowe on

[O'Bannon v. Southern Express Company.]

checks or drafts of theirs. He says he donated this money to his wife; but he does not say that she ever had possession of it, or that Marlowe had any knowledge of the gift. The advance to him was made to be paid to Marlowe, and the check and draft for it seem to have passed directly from his hands to Marlowe. Besides, the consideration for the advance was his future service, upon which he and Marlowe depended for the payment of his notes. The donation would be subject to the just claim of his creditors existing before the gift, and to all the equities of good faith and fair dealing. *Goree* v. *Walthall*, 44 Ala. 161.

If the contract was made with E. C. Haygood, and the deed was executed to Mrs. Haygood only in pursuance of it, as we think, from the dependence of Marlowe on him for the payment of the notes, and the security of the mortgage, the complainant's equity to have the property applied to the payment of the balance due is greater than Mrs. Haygood's, on account of his want of knowledge of the donation to her, even if it were proved, and held to be a valid gift. *Shepherd* v. *Shaefer*, 45 Ala. 233. If no delivery, in any proper sense, of the $2,500, or any part of it, was made to Mrs. Haygood, she is but a volunteer. The proof does not establish any delivery. In every aspect of the case, the chancellor's decision in respect to the rights of the parties was correct. The decree is affirmed.