# Heyman v. McBurney.

*Appeal Case from Justice's Court.*

66 511
102 215,
102 320
66 511
126 266

1. *Complaint, or statement, on appeal from justice of the peace.*—On appeal from a judgment rendered by a justice of the peace, a judgment by default will be reversed on error, unless the record shows that a complaint, or statement of the cause of action, was filed ; but, after judgment by *nil dicit*, or on verdict, without objection on account of the failure to file a complaint, it will be presumed that a complaint was waived, or that it has been lost.

2. *Trial of issue by court, without jury.*—Since the statute authorizes an issue of fact to be tried by the court, without the intervention of a jury, by written consent of the parties (Code, § 3029), it may be questioned whether the failure of the record to show such written agreement, when no objection was raised in the court below based on the want of it, is available on error ; and certainly, if the parties to the issue do not complain, other defendants, against whom judgment by *nil dicit* was taken, can not assign it as error.

APPEAL from the Circuit Court of Lee.

The record does not show the name of the presiding judge.

This action was brought by T. F. McBurney, against Isaac Heyman, A. H. Chilton, P. W. Lanier, Neri Tucker, and J. C. Meadors, and was commenced before a justice of the peace, on the 19th July, 1876. The justice rendered judg-

ment for the defendants, and the plaintiff removed the cause, by appeal, into the Circuit Court. The record does not show that any complaint was there filed, or statement of the cause of action. At the May term, 1878, the death of A. H. Chilton was suggested, and the cause was suffered to abate as to him. At the May term, 1879, Meadors and Tucker, two of the defendants, filed a joint plea, denying any indebtedness; and on the same day this plea was filed, a judgment was rendered in these words: "Came the parties, by attorneys, and the defendants Isaac Heyman and P. W. Lanier say nothing in bar or preclusion of plaintiff's demand, and it is thereupon considered by the court, that the plaintiff recover of said defendants, Isaac Heyman and P. W. Lanier, the amount of his damages, and also the costs; and because the damages are uncertain, let a jury come. And the defendants Meadors and Tucker plead in bar of plaintiff's demand; which plea, being considered by the court, is sustained, and said Meadors and Tucker discharged." On a subsequent day of the term, another judgment was entered, as follows: "Came the parties, by their attorneys; and issue being joined on the plea of the general issue, thereupon came a jury," &c., who returned a verdict for plaintiff, assessing his damages at $55.04; for which amount, with costs, judgment is then rendered against Heyman and Lanier in favor of the plaintiff.

The appeal is sued out by Heyman and Lanier, who here assign as error, with other things, the rendition of judgment against them, when no complaint is shown to have been filed; and the judgment discharging Meadors and Tucker, without the intervention of a jury.

GEO. W. GUNN, for appellants.

H. C. LINDSEY, contra.

SOMERVILLE, J.—This suit was commenced before a justice of the peace, and was removed by appeal to the Circuit Court. The record shows that the appellants, who were defendants in the court below, appeared by attorney on the trial of the cause, and failing to plead, or make defense, a judgment nil dicit was rendered against them, and damages assessed by a jury. No declaration or complaint was filed, or statement of the cause of action, so far as disclosed by the record. It is assigned for error, that this judgment was rendered without the previous filing of a statement of the cause of action.

Had there been no appearance of the parties, and a judg-

[Heyman v. McBurney.]

ment of *default* merely had been rendered, this would constitute error, for which judgment would be reversed in this court, and the cause remanded.—*Arundale v. Moore*, 42 Ala. 482 ; *Steelman v. Owen*, 8 Porter, 562. But this is not the practice, where the record discloses *the appearance of the parties* defendant, by attorney, or in person, and there is a submission of the cause to a jury, without objection, and a verdict is rendered thereon. If a defendant, while so appearing, holds his peace, and says nothing in bar or preclusion of the plaintiff's recovery, it is too late for him to raise the objection, after appeal, in this court. It must be presumed that a complaint has been waived by consent of parties, or else that it was lost from the papers ; in those cases, at least, where the record shows that pleas were filed, and issue joined between the parties. The rendition of the judgment, under this state of facts, was not a reversible error.—*Bancroft v. Stanton*, 7 Ala. 351 ; *Wheeler v. Bullard*, 6 Porter, 352.

The appellants Heyman and Lanier can not be permitted to object that their co-defendants, Meadors and Tucker, were discharged by the court below, without the intervention of a jury, on a plea filed by them in bar of the plaintiff's demand. The statute authorizes such an issue to be tried by the court, without a jury, by consent of parties in writing, to be filed with the clerk of the court.—Code (1876), § 3029. It may be questioned, whether Meadors or Tucker could raise the objection here, for the first time, that the record fails to show a written agreement, as its existence might be presumed, in order to sustain the exercise of jurisdiction by the primary court.—*Thompson v. Lea*, 28 Ala. 453. Certainly, if neither they nor the plaintiff object, no one else can do so for them. Parties can not assign errors on rulings not prejudicial to them, although they may affect other parties to the suit, and even constitute a ground of reversal as to them.—*Walker v. Jones*, 23 Ala. 448 ; 1 Brick. Dig. p. 102, § 284.

We see no error in the record, and the judgment of the Circuit Court is affirmed.