# Littleton *v.* Clayton.

*Certiorari to Justice's Judgment in Action of Forcible Entry and Detainer, or Unlawful Detainer.*

1. *Appeal and certiorari from justice's judgment; trial de novo, and amendment of complaint.*—When a cause is removed from a justice's court into the Circuit Court, either by appeal or by *certiorari*, it is triable *de novo*, without regard to any defect in the proceedings (Code, § 3121); and a trial may be there had on the original complaint, which may be amended, or a new complaint may be filed.

2. *Complaint in forcible entry and detainer, and unlawful detainer.*—A count for forcible entry and detainer, and a count for unlawful detainer, may be united in the same complaint; and if the original complaint, filed in the justice's court, was for forcible entry and detainer, a complaint for unlawful detainer may be filed in the Circuit Court.

3. *Demand of possession, and proof thereof.*—To maintain an action of unlawful detainer, a written demand of possession is indispensable (Code, § 3697); and parol evidence of such demand can not be received, until a proper predicate has been laid by notice and failure to produce it.

4. *Specific objection to evidence.*—A specific objection to evidence is a. waiver of all other grounds of objection.

5. *Notice to produce paper.*—As to the sufficiency of the notice to produce a paper, the question depends on the attendant circumstances, and the time required to produce the paper: when the paper is in court, and in power of the party to produce immediately, notice at the trial is sufficient; and if he denies in open court that he ever had possession of the paper, or that it was ever delivered to him, he can not object to the sufficiency of the notice to produce; nor can he complain that the court required him to answer whether he had the paper.

6. *Charge as to law 'abhorring subterfuge and evasion.'*—As an abstract proposition, "the law abhors subterfuge, and despises mean dodges and evasion;" but a charge, asserting that proposition, is not abstract, when the bill of exceptions states evidence showing conduct on the part of the defendant which may be thus characterized.

7. *Abstract charge; presumption in favor of judgment.*—An abstract charge given, which asserts a correct legal proposition, will not work a reversal; and when the bill of exceptions does not purport to set out all the evidence, this court will presume, if necessary to support a charge given, that there was evidence justifying it.

8. *Estoppel between landlord and tenant.*—A tenant can not dispute the title of the landlord under whom he entered, while still holding under him, but must first surrender the possession in good faith; it is not enough that he left the possession for a few days, without notice to his landlord, and again resumed it by collusion with another person.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. H. D. CLAYTON.

This action was brought by J. W. Clayton, against J. H. Littleton; was commenced before a justice of the peace, on the 24th January, 1881, and was removed by *certiorari*, sued out by the defendant, into the Circuit Court. In the summons issued by the justice, the cause of action is described as "a detainer, or unlawful detainer, as the case may be;" and in the petition for a *certiorari*, the bonds executed by the defendant, and the justice's return to the writ, it is called an action of "unlawful detainer"; while the complaint, or statement of the cause of action, averred that the defendant, while the plaintiff was in possession under a term of years, "with force did enter upon said lands, and detain the same, and did turn or keep the plaintiff out of possession, whereby plaintiff was ejected, or disseised of and from the peaceable possession of said lands, and is still dispossessed thereof." In the Circuit Court, a complaint was filed in regular form as for an unlawful detainer, alleging that the defendant entered into the possession as plaintiff's tenant, and held over after the expiration of his term, and refused to surrender the possession on demand in writing. The defendant moved to strike this complaint from the files, because it was for a different cause of action from that declared on before the justice of the peace; and he reserved an exception to the overruling of his motion.

On the trial, as the bill of exceptions further shows, the plaintiff having proved, by his wife, that the defendant entered into possession of the premises as his tenant for the year 1880, executing a promissory note for the rent, which he paid at the end of the year, he then offered to prove by her a demand in writing for the surrender of the possession; "to which the defendant objected, because the writing was not produced." Thereupon, the court allowed the witness to state, against the objection of the defendant, that she was present when the written demand was made; that she had read it, and had taken a copy of it; and that she had made diligent search for the copy, but could not find it." Plaintiff then demanded of defendant said written notice, and defendant refused to make reply, or to produce said written notice and demand; whereupon, the court required the defendant to be sworn to answer questions, and defendant then testified, in reply to a question by the court, that no written demand for the possession of the premises had ever been made of him, and that he did not have such written demand, here or elsewhere. To this action of the court, requiring him to be sworn, and to answer questions, the defendant excepted;" and the court having then permitted the plaintiff's wife to testify as to the contents of the written de-

mand, he objected and excepted to the admission of her testimony, "on the ground that no notice had been given him, prior to the trial, to produce said original demand in writing."

The defendant, testifying as a witness for himself, admitted that he entered into the possession, at first, as the tenant of plaintiff's wife, who was then a widow, and held under her for a year, and that he rented from plaintiff the next year, and paid him rent; but he further stated, "that he removed from the premises at the expiration of the term of renting, and soon afterwards returned ; that his father, who had resided on the east half of said section for more than twenty years, told him that he had as good right as any body to the whole of said east half, and requested him to return to the land; that he was then moved back on the land by his father, and had since held under him." Defendant further testified, in this connection, " that he was unable to state whether this information and request of his father was before or after he had removed from the land at the expiration of his term, or how long he was off the premises before he moved back ; nor could he state whether plaintiff had any knowledge of his removal, or knew that he was setting up an adverse holding of the possession." The court charged the jury, " among other things, in substance as follows : If the defendant did in fact remove from the premises as the tenant of plaintiff, and surrendered the possession to him, plaintiff can not recover in this suit, although defendant may have afterwards returned to the lands, and is now in possession under his father. On the other hand, the defendant can not defeat the plaintiff's right to recover, by simply moving off the lands, and then soon after moving back. Whose tenant was he at the beginning of this suit, is a material inquiry. If he went into possession as plaintiff's tenant, he could not change the relation by simply moving off and then moving back soon after. *The law abhors subterfuge—it despises mean dodges and evasions.* You will therefore consider all the evidence showing the circumstances of the defendant's removal and return, to determine whether his relation as tenant to the plaintiff was changed thereby." To the italicized portion of this charge the defendant excepted.

On the removal of the case into the Circuit Court, the defendant had executed a bond in the penalty of $50, conditioned that he would prosecute the *certiorari* to effect, or pay whatever judgment the plaintiff might recover against him ; and another bond for the costs, in the penalty of $30. The jury having returned a verdict for the plaintiff, assessing the rental value of the premises at $75, the court thereupon rendered judgment in his favor for the possession, and against the defendant and his sureties on the first bond for the amount of

the penalty, and against him and his sureties on the second bond for the amount of the penalty, and against the defendant alone for the excess of the rental value and costs.

The several rulings of the court to which, as above stated, exceptions were reserved by the defendants, and the personal judgment against him in excess of the penalty of the bonds, are now assigned as error.

JOHN M. CHILTON, for appellant.

GEO. P. HARRISON, Jr., *contra.*

CLOPTON, J.—The notice issued by the justice of the peace, the petition for a *certiorari*, the bonds made by the defendant on the writ being issued, and the statement of the cause returned by the justice to the Circuit Court, designate the action as for unlawful detainer. On appeal, the case is tried *de novo*, without regard to any defect in the proceedings. A trial may be had in the Circuit Court, on the complaint before the justice, or a new complaint may be filed; and the complaint before the justice is subject to amendment. Different counts, for forcible entry and detainer, and unlawful detainer, may be united in the same complaint. Conceding that the complaint before the justice is for forcible entry and detainer, a new complaint for unlawful detainer, filed in the Circuit Court, is not a change of the form of action, or the substitution or introduction of an entirely new cause of action.

A demand in writing to deliver the possession of the premises is indispensable to maintain an action of unlawful detainer; and before secondary evidence of its contents is admissible, the same predicate must be laid as in case of other written instruments in the possession of the opposite party.—*Dumas v. Hunter*, 30 Ala. 75; *King v. Bolling*, at present term. The *specified* ground of objection to the secondary evidence of the contents of the written demand is, that notice to produce it had not been given to defendant prior to the trial. A particular ground of objection having been specified, all other grounds are treated and considered as waived.—*Jaques v. Horton*, 76 Ala. 438. It is unnecessary, therefore, to consider whether sufficient preliminary proof of the loss of the copy was made, to let in parol evidence of its contents.

The purpose of notice to a party to produce a paper in his possession is, to afford him an opportunity to produce it, if he desires, and, if he fails or refuses, to let in secondary evidence of its contents. The length of time for which the notice should be given depends on the attendant circumstances, and the time required to obtain the paper. The notice should be

[Littleton v. Clayton.]

for a reasonable time—sufficiently long to enable the party to procure and produce it without undue inconvenience. If the paper is not in court, and can not be produced without delaying the trial, notice should be given prior to the trial; but, when the paper is in court, and in the power of the party to produce immediately, notice at the trial is sufficient.—*Brown v. Isbell*, 11 Ala. 1009; *Dwyer v. Collins*, 7 Ex. 639; 1 Whart. on Ev. § 155. Baron Parke said, to allow such an objection to prevail, when the paper is admitted to be in court, "would be some scandal to the administration of the law." The written demand, however, was neither admitted, nor shown to be in court. The witness testified, that it was delivered to the defendant; and the defendant testified, that no written demand had ever been made, and that he had no such paper in his possession, in court or elsewhere. When a party denies having possession of the paper called for, the reason for giving notice to produce it ceases. It would be useless to give a party notice to produce a paper, which he asserts in open court he never received, and had not in his possession.—*Roberts v. Spencer*, 123 Mass. 397.

Under the circumstances that occurred at the trial, the objection that notice to produce the paper had not been previously given, can not prevail.

It was the prerogative, and within the power of the court, on the refusal of the defendant to reply to the notice, or to produce the demand, to examine him as to its possession, in order to be informed as to the sufficiency of the notice. Such examination could not have operated injury to the defendant, and enabled the court to decide the preliminary fact, on which the admissibility of the secondary evidence depended. Whether a written demand had been given, was an inquiry for the jury.

The court, in the general charge, observed: "The law abhors subterfuge; it despises mean dodges and evasions." Exception was taken to this part of the charge, on the ground that it was abstract. If it be conceded that the charge is abstract, it will not be controverted that it asserts a correct proposition of law; and an abstract charge, which asserts a correct legal proposition, will not work a reversal. The bill of exceptions does not profess to set out all the evidence; and if necessary to support the charge, we would presume there was evidence on which to found it. There is evidence in the record that the defendant moved off the premises, at the expiration of his rental term, and soon thereafter returned thereon at the request of his father, who asserted a claim to the land. This evidence tended to show that the defendant moved off and returned by collusion with his father, to put his landlord at a disadvantage, and under the supposition that he would

thereby evade an estoppel. The jury found this to be true, and, if true, it was a subterfuge and an evasion.

No rule of law is more generally settled, than that a tenant, while he is in possession, can not dispute the title of his landlord, nor set up a superior title in himself or a stranger, to defeat an action by the landlord to regain possession. The tenant, by renting and receiving possession from the landlord, recognizes his title, and is precluded from showing that he had no title at the time of the renting. If the tenant desires to assert title in himself or another, he must surrender possession of the premises, and give his landlord the advantage of possession in any litigation as to the title. Mere leaving possession and resuming it a short time afterwards, without notice to the landlord, or giving him an opportunity to take possession, is not sufficient. The tenant must act in good faith, and restore the landlord to the same condition in which he was when he accepted possession from him.—*Houston v. Farriss*, 71 Ala. 570; *Norwood v. Kirby*, 70 Ala. 397; *Russell v. Erwin*, 38 Ala. 44; Tay. on Land. & Ten. § 705. There are exceptions to the general rule, but this case does not fall within any of them.

The judgment, though somewhat irregular in form, is substantially such as the statute authorizes.—*Beck v. Glenn*, 69 Ala. 121.

Affirmed.