# Barron v. Robinson, et al.

*Petition for Supersedeas of Judgment, and for New Trial.*

98 351
101 296
98 351
114 340

1. *Re-hearing; when no right to obtain it.*—Though a petition for a re-hearing may show that the defendant was prevented from making his defense by surprise, accident, mistake or fraud; yet, if it fail to show that the defendant was without fault, it discloses no right to obtain a rehearing.

2. *Same; case at bar.*—Where the petitioner did not apply for a continuance at the call of his case for trial, but announced ready; made no motion for a new trial at that term; makes no claim of newly discovered evidence, or other defensive matter, and did not inform his attorney of the defensive matters presently urged by him, his petition was rightly denied.

APPEAL from Pike Circuit Court.

Tried before the Hon. JOHN P. HUBBARD.

The petitioner, appellant here, presented his petition to the Hon. Jno. P. Hubbard, judge of the 2nd Judicial Circuit, within four months after a judgment for $1,000, had been recovered against him, in the Pike county Circuit Court, at the suit of J. R. Robinson, and others, praying for a re-hearing, under § 2872 of the Code. The grounds for this application as disclosed are, that on the trial of the cause in which said judgment was rendered against him, the defendant was prevented from making his defense in this, that the plaintiffs in that judgment, had another suit against defendant, which stood for

[Barron v. Robinson, et al.]

trial at the same time of the one, in which judgment was
rendered; that about three months before the rendition of
said judgment, defendant gave plaintiff's attorney his note
for $30, which was taken in full settlement for the damages
in both of said suits, and defendant believed no question
remained in the case but one of costs; that it was agreed,
and it was his understanding and belief, that both suits
were settled by the note, and, in consequence, he had no
witnesses summoned for his defense in either case, and he
did not inform his attorney, before the trial, what his de-
fense was, and when the case was called, and on trial, he
was surprised when the plaintiff's attorney swore, that said
note was not taken in payment of both suits; that he did
not know, and was not informed, that he would have to
meet that issue, until he had answered ready for trial, and
plaintiff's attorney testified, it was not the agreement that
said note was given in compromise of both suits; and de-
fendant testified against the plaintiff's attorney on the trial,
and swore that said note was given in settlement and com-
promise of both of said suits.

The petitioner sets up two defenses, one of which was,
that said suit was for cutting trees on plaintiff's land, and
that they were not cut down by defendant, or by his direct-
ion but were cut by another person against his consent and
contrary to his directions, and that he had two witnesses
whose names he gave, who could corroborate him, in that
statement.

The plaintiff in the judgment, demurred to the petition
for insufficiency, on many grounds, which demurrer was
sustained, and defendant amended his petition. The plain-
tiffs then, presented their answer to it.

The answer stated, that one of said suits was for the rent
of land, for the year, 1890, and the other, was for the statu-
tory penalty of cutting trees off of plaintiff's lands; that
during the pendency of said suits, defendant represented to
J. D. Gardner, one of plaintiff's attorneys, that he had paid
to another of plaintiff's attorneys, Mr. Wiley, $25.00 on the
rent, and requested said Gardner to allow the balance of
the rent,—$30,—to be paid in three monthly instalments of
$10 each, and to this request, said Gardner acceded, and
took from defendant, a note in writing, the original of which
was attached to the answer, and which reads, "for rent of
their place last year, I hereby agree to pay Robinson, Tay-
lor & Co., or bearer, thirty dollars, in monthly installments
of ten dollars each, commencing from the 15th of the month,
and I waive all exemptions in favor of the payment of this

[Barron v. Robinson, et al.]

debt;"—that at the time said instrument was executed, nothing was said about the settlement of the suit for cutting the trees, and the note was only given to settle what defendant said was a balance due on the rent of plaintiff's lands for the preceding year; that when said suit for cutting the trees was called, the defendant went to trial on the plea of not guilty, and made defense, that he had made an executory contract for the purchase of the land, and did not set up, that he had made settlement for the damages; that he did set up in the suit for rent, that he had paid the full amount agreed to be paid in money, and in a note for thirty dollars, which was submitted to a jury, and found against defendant.

Defendant in his amended petition, reiterates much of what he had stated in his original petition, states that he and Gardner swore adversely to each other, touching the settlement of said suit; that defendant did not make known to the court, after said Gardner testified, that he was surprised by his testimony, nor did he make known to his attorney, that he had other evidence that he could produce, because he was ignorant of his rights, and believed that as he had announced ready, he could not afterwards make a motion to continue the cause ; that on the trial, he testified to said agreement as alleged in his petition, but being surprised as he was, and confused, he could not make his testimony as full and clear as he might have done, if he had had more time for reflection.

The judge refused to grant the prayer of the petition. There is set forth in the transcript, what purports to be a minute entry reciting the action of the judge, as if done by the court, but that is a clerical error.   The petition never found its way into the court, and was acted on by the judge.

M. N. CARLISLE, for appellant.

GARDNER & WILEY, for appellee.

HARALSON, J.—Our rulings have been uniform and consistent to the effect that "although the petition may show that the defendant was prevented from making his defense by surprise, accident, mistake or fraud, yet, if it shows nothing more, and fails to show that he was prevented without fault on his part, it discloses no right to obtain a rehearing under the Code, or under any other law."—*Ex parte Wallace*, 60 Ala. 267.   A concurrence of injustice committed, and freedom from fault on the part of defendant, is

indispensable to relief.— *Waldron v. Waldron,* 76 Ala. 289. "In such a proceeding the law is strict in requiring not only a clear statement of a meritorious defense, but also allegation of the facts and circumstances which are relied on to show that the party complaining acted with due diligence, and is chargeable with no fault or neglect in not having had the matter of his defense completely presented at the trial." *Ex parte Wallace, supra; Martin v. Hudson,* 52 Ala. 279.

Our books abound with cases of apparent hardship with which the court has refused to interfere, because the parties complaining had not brought themselves strictly within the rules above announced. 3 Brick. Dig. 677; 2 Brick. Dig. 280–1.

The facts averred in the petition and answer are sufficient to show that the defendant was not diligent in preparing his case for trial. He did not even inform his attorney before, or at the time of entering on the trial, of the defensive matters he now brings forward. He did not apply for a continuance, but announced ready and went to trial. It does not appear he made a motion for a new trial at the term of the court at which judgment was obtained against him. He does not make known any newly discovered evidence, or other defensive matter, not known to him on the trial. The note he says he gave in compromise of both suits against him is attached to plaintiff's answer to the petition, and shows that defendant was mistaken in saying it was in compromise of the suit in which this judgment was obtained. It shows, on its face, it was for another and different consideration—that of the rent of lands for the previous year. He now says he was surprised, confused and ignorant of the proper course to pursue, and that he did not make his testimony as full and clear as he might have done if he had had more time for reflection. Doubtless every litigant who loses his case sees where he might have done better and would like to try it over again. Lord Thurlow once said, "Questions are not to be brought before the court in this way, merely to try which way the stick will fall," and take the chances for another hearing. There must be stability in the judgments of courts. If misfortune has overtaken the defendant he makes no case for relief.

The circuit judge committed no error in denying the petition.

Affirmed.