# Richmond & Danville Railroad Company v. Jones.

*Action against a Common Carrier for Failure to deliver Goods Shipped.*

1. *Misjoinder of causes of action; when not considered on appeal.*—When, after the amendment of a complaint, the trial of the cause is had in the trial court without objection to a misjoinder of causes of action, such objection can not be raised for the first time on appeal.

2. *Failure to file declaration on appeal from justice's court; waiver of objection*—While the rule requires that in causes appealed from a justice's court, involving a sum exceeding $20, a declaration or statement of the cause of action should be filed, if, in the absence of such declaration or statement, the cause is tried and judgment rendered

[Richmond & Danville Railroad Company v. Jones.]

without objection on account of the failure to file the statement, such objection can not be raised for the first time in the supreme court on appeal.

3. *Motions to set aside judgment; rulings thereon must be shown by bill of exceptions.*—The rulings of a trial court upon motions to set aside its judgment must be shown by bill of exceptions; and when there is no bill of exceptions in a transcript, the rulings on such motions can not be considered on appeal.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS.

This action was brought by the appellee against the appellant railroad company, as a common carrier, to recover damages for the alleged failure to deliver certain property to the plaintiff, which was received by the defendant as a common carrier to be delivered to the plaintiff. The transcript, on this appeal, contains no bill of exceptions; and the only questions reviewed are shown in the opinion.

The cause was tried without the intervention of a jury, and judgment was rendered in favor of the plaintiff, assessing his damages at $100. This judgment is appealed from, and its rendition is here assigned as error.

JAMES WEATHERLY, for appellant.—The judgment of a primary court is revisable for error of law apparent upon the record, when the cause was submitted to, and tried by, the court without the intervention of a jury.— *Bradley v. Andress,* 30 Ala. 80; *Shaw v. Beers,* 25 Ala. 449; *Mims v. Sturdevant,* 23 Ala. 664. For error apparent upon the record, it is not necessary that it be presented by bill of exceptions for review in this court.—*Tapp v. Cox,* 56 Ala. 553; 3 Brick. Dig., 78, §§ 4, 5 and 6, and cases cited.

On the trial of cases appealed from a justice's court, where the sum sued for exceeds twenty dollars, a declaration or statement of the cause of action must be filed in the appellate court.—1 Brick. Dig., 114, § 74. To support a judgment by default, or *nil dicit* in the appellate court, on appeal from a justice's court, a new complaint or declaration must be filed. In case of judgment by default, the record failing to disclose it, it will not be presumed to have been filed; in case of judgment *nil dicit,* if the record does not disclose it, it will be presumed to have been filed, and lost, or that the filing was waived.—

*Heyman v McBurney*, 66 Ala. 511; *Arandale v. Moore*, 42 Ala. 482.

It is both the plaintiff's right and duty, before proceeding with the trial of the cause, in the appellate court, on appeal from a justice's court, to file a statement *de novo* of his cause of action.—*Elmore v. Simon & Bro.*, 67 Ala. 528.

The additional statement filed in the circuit court should not be treated as an amendment. If so treated, it would show a misjoinder of the causes of action, since the complaint in the justice court was on a cause of action *ex contractu*, and the amendment would declare on a cause of action *ex delicto*.—*A. G. S. R. R. Co. v. Mt. Vernon Co.*, 84 Ala. 174; 3 Brick. Dig., 704, § 57.

CABANISS & WEAKLEY, *contra*.—Error must always be affirmatively established. Unless shown to be wrong, the presumption is indulged that judgments of primary courts are correct.—1 Brick. Dig., 118, 119, 120; 3 Brick. Dig. 40, and cases cited.

A judgment can not be reversed for excessive damages or because it is for more than is claimed in the complaint, where there is nothing in the record conclusively showing that the verdict is unjust or illegal.—*Moore v. Coolidge*, 1 Porter 280; *Pruitt v. Stuart*, 5 Ala. 113; *Crump v. Battles*, 49 Ala. 226; *Drake v. Johnston*, 50 Ala. 3; *Ritch v. Thornton*, 65 Ala. 310.

The motion docket is not part of the record proper, and proceedings shown by it can only become part of the record on appeal by being enrolled as matter of record, or by bill of exceptions.—*Lienkauff v. Tuscaloosa Sale, &c. Co.*, 99 Ala. 619; *David v. David*, 66 Ala. 140; *Waring v. Gilbert*, 25 Ala. 295.

HARALSON, J.—This suit was commenced before a justice of the peace, to recover damages for the failure to deliver property shipped at different times and under different contracts to plaintiff, doing business under the firm name of W. H. Jones & Co.

There were two counts in the complaint, on two distinct causes of action, one for a failure to deliver a car load of potatoes, "received by the defendant as a common carrier, on, to-wit, the 12th of January, 1892, to be delivered to the plaintiff," and the other, for a failure to

deliver another car load of potatoes, "received by it as a common carrier, on or about the first day of February, 1892, to be delivered to the plaintiff." Each count laid the damages at $50, and was in form as prescribed by the Code, page 293, form 15. A trial was had between the parties, and a judgment was rendered, on the 20th April, 1892, against the defendant for the sum of $100.

From this judgment, the defendant prosecuted an appeal to the circuit court, in which court a judgment was also rendered against defendant for $100. When the cause reached the circuit court, the plaintiff filed what is styled in the record, "Complaint in the circuit court," which was intended, evidently, as an additional count on the same cause of action as that sued on in the 2d count of the original complaint in the justice's court. This additional count, however, it is contended, is in form *ex delicto*, which could not be joined with the original count on the same cause of action, which was *ex contractu*. But, whether it was subject to that criticism or not, it is unnecessary to decide even if such misjoinder existed, since there was no objection raised for its alleged misjoinder with the others.

On the trial of causes appealed from justices' courts, where the sum exceeds $20, the rule is, that a declaration or statement of the cause of action must be filed in the appellate court.—1 Brick. Dig., 114, § 74. This rule, however, can have no application to a cause where a sufficient complaint had already been filed therein in the justice's court, which complaint has, with the other proceedings, been sent in a certified transcript of the record to, and filed in, the appellate court. The trial may there proceed and be had on such original complaint, if sufficient, as well as on a new one. It can apply only to those cases on appeal, where no sufficient complaint or statement of the cause, has been filed in the justice's court, or, if filed, for any cause, has not been certified in the transcript of the record to the higher court.—*Littleton v. Clayton*, 77 Ala. 571. But, in the absence of such complaint or statement, where one is required by the rule to be filed, after judgment by *nil dicit*, or on verdict, without objection on account of a failure to file it, the defendant will be presumed to have waived it.—*Heyman v. McBurney*, 66 Ala. 511.

In this case, it appears, all papers pertaining to the

cause were sent to the clerk of the circuit court by the justice of the peace, and that a transcript of the record and proceedings before him in the cause was certified by him to the clerk, and the cause was tried without objection in any form to the complaint. Defendant can not be heard to raise objections to it, for the first time, in this court.—*Moore v. Coolidge*, 1 Por. 280; *Hays v. Myrick*, 47 Ala. 335; *Drake v. Johnston*, 50 Ala. 3; *Ritch v. Thornton*, 65 Ala. 310; *Hayes v. Solomon*, 90 Ala. 522.

Judgment was rendered on the 9th day of January, 1893, and a motion to set aside the judgment was made on the 25th of March following, which was overruled. There is no bill of exceptions in the case. This ruling of the court can not be considered.—*Leinkauff v. Tuscaloosa S. & A. Co.*, 99 Ala. 619.

Affirmed.