# Simmons *et al.* v. Titche Bros.

*Action of Assumpsit.*

1. *Judgment by default in favor of partnership ; erroneous unless names of partners appear.*—In an action to enforce a claim in favor of a partnership, where the individual names of the members of the firm are not set out in the complaint, and no where appear, it is error to render judgment by default in the name of the co-partnership.

2. *Appeal from justice's court; judgment without complaint erroneous.*—Where an action for a sum exceeding $20 is commenced in the court of a justice of the peace without a sufficient complaint being filed therein, and it is carried to the circuit court by appeal or *certiorari*, a complaint or statement of the cause of action must be filed in the circuit court, and a judgment in the latter court without such complaint is erroneous.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. J. J. BANKS.

This suit was commenced before a justice of the peace, in the name of Titche Bros., the appellees, against M. R. & L. M. Simmons, the appellants. The names of the persons composing the plaintiff firm no where appear in the proceedings. The complaint in the justice's court reads : "The plaintiff claims of the defendant the sum of $76.98, due by the waive note made by defendant, the

[Simmons *et al.* v. Titche Bros.]

......day of..........189 , and payable on the......
with interest; and plaintiff avers that as a part of said
note, the defendant waived all his right to claim personal
property as exempt. Plaintiff avers that as a part of
said..........the defendant agreed to pay a reasona-
ble fee, which he also claims, $15.00 dollars.

W. T. HILL, Pl'ffs' Attorney."

This paper purports to have been served by the con-
stable on both the defendants, on the 1st of September,
1891. And the next thing appearing is an execution is-
sued by the justice, on the 6th of November, 1891,
against the defendants in favor of Titche Bros., on a
judgment for $88.50, rendered, as therein stated, on the
6th of October, 1891. Afterwards, the defendants ap-
plied for and obtained a writ of *certiorari* and *supersedeas*,
by which the case was carried to the circuit court. No
complaint was filed in the cause after it reached that
court. The justice, so far as appears, made no return
to the writ of *certiorari*, other than a brief statement of
what appeared on his docket, which he certifies to
be a complete and exact transcript of his docket
in the cause. How the paper copied above, purporting
to be the complaint filed in the case before the justice,
got into the circuit court does not satisfactorily ap-
pear. It is not marked as filed in the cause.

On the 17th of November, 1892, as the judgment entry
in the circuit court recites, the plaintiffs came "by their
attorneys, and the defendants saying nothing in bar or
preclusion as to plaintiffs' right of recovery," it was
considered that the plaintiffs ought to recover, but not
being advised of the just amount of damage sustained,
the court proceeded to hear the evidence, without the in-
tervention of a jury, and assessed the damages at $96.21.
Judgment was thereupon rendered against the defen-
dants and S. J. Darby, their surety on the appeal and
*supersedeas* bond, for that amount and costs. The entry
then recites, that against the judgment and the execu-
tion to be issued thereon there is no exemption of per-
sonal property of the defendants and S. J. Darby, the
surety on the appeal bond.

The appeal is prosecuted by the defendants and the
errors assigned are, (1), that the court erred in rendering
judgment without a complaint being on file disclosing a
cause of action; (2), because the court entered judgment

[Simmons *et al.* v. Titche Bros.]

in favor of appellees in their firm name; (3), the court
erred in rendering judgment against the surety on the
appeal bond, adjudicating his right of exemptions; (4),
the court erred in the judgment rendered; and, (5), in
rendering a judgment by default, when there was no
party plaintiff.

S. J. DARBY, for appellant.—Where the names of the
individuals of a partnership are not set out, a judgment
by default in the name of the firm is erroneous.—1 Chit-
ty's Pleadings (6th Ed.), 271; Code, § 2605; *Moore v.
Burns & Co.*, 60 Ala. 269; *City of Opelika v. Daniel*, 59
Ala. 211; *James Read & Co. v. McLeod*, 20 Ala. 577; 44
Ala. 584.

There was error in rendering judgment by default
without complaint being filed in the circuit court.—
*Arundale v. Moore*, 42 Ala. 482; *Heyman v. McBurney*, 66
Ala. 511; *Elmore v. Simon & Bro.*, 67 Ala. 526; 1 Stew-
art 266.

No counsel entered as appearing for appellee.

HARALSON, J.—The general rule is, that all part-
ners must join as parties plaintiff in an action to enforce
a claim in favor of a partnership, and can not sue in
their copartnership name. Their individual names are
required to be stated, (17 Amer. & Eng. Encyc. of Law,
1236) ; and to render a judgment by default in the name
of a copartnership, individual names not appearing, is
error for which a judgment will be reversed. If a de-
fendant goes to trial, however, on a plea to the merits,
he waives it, and cannot raise the question for the first
time in this court.—*Moore v. Watts & Sons*, 81 Ala. 265;
*Moore v. Burns*, 60 Ala. 270; *Lanford v Patton*, 44 Ala.
584; *Reid v. McLeod*, 20 Ala. 576. In this case, it no
where appears who the individual members of the plain-
tiff firm were, or that it was a corporation, or, that but
one person was doing business under that name, which,
of itself, implies two or more persons as co-partners.

A judgment by default, in our practice, is a judgment
for want of an appearance ; or if the defendant appears
and does not plead, or appears and pleads and withdraws
the plea, the judgment to follow is properly *nil dicit*.—
*Grigg v. Gilmer*, 54 Ala. 430; *Stewart v. Goode*, 29 Ala. 477.

The judgment entry negatives the idea that the defendants appeared, and there is nothing to show that they did appear or plead, yet, the entry recites that the defendants said "nothing in bar or preclusion,"—the form of a *nil dicit* judgment. But this is repugnant to the other recitals, and to the record, and must be taken as a clerical misprision for a judgment by default. It is a mere matter of form which yields to facts.—*Atlantic Glass Co. v. Paulk*, 83 Ala. 404; *McCaskey v. Pollock*, 82 Ala. 176; *McLaren v. Anderson*, 81 Ala. 106; *Elyton Land Co. v. Morgan*, 88 Ala. 434; 1 Brick. Dig. 776, § 41. The judgment rendered, we must hold, was erroneous, because rendered in the name of a firm, without the name of the partners being set out.

On the trial of a cause appealed from the justice's court, or carried from such court by *certiorari*, to the circuit court, where the sum exceeds $20, when a sufficient complaint has not already been filed in the justice's court, which has been certified in a transcript and filed in the circuit court, on which the parties may try the cause, a complaint or statement of the cause of action must be filed in the latter court, and it is error to render judgment without one, unless the defendant has done something to waive it.—1 Brick. Dig. 114, § 74; *Richmond & Danville R. R. Co. v. Jones*, *ante* p. 212; *Elmore v. Simon*, 67 Ala. 528; *Heyman v. McBurney*, 66 Ala. 511; *Arundale v. Moore*, 42 Ala. 482.

The judgment was rendered in the circuit court without any complaint being filed in that court at all. If we presume, as we may, that the one we find in the record, purporting to have been filed in the justice's court, found its way properly into the appellate court, it was wholly insufficient to support a judgment.

It is unnecessary to consider any other question.

Reversed and remanded.