**CONTORNO v. ENSLEY LUMBER CO.**
**(6 Div. 100.)**

(Supreme Court of Alabama. May 1, 1924.)

1. **Pleading ⬳46, 49—Complaint for lumber furnished held bad.**

Count for lumber furnished *held* bad in failing to specify plaintiff's legal character, though the name in which it sued suggested a corporation, and in naming defendant by approximation only, and in passing without warning from a declaration in common assumpsit to a very imperfect description of a promissory note waiving exemptions.

2. **Pleading ⬳34(6)—After verdict and judgment, every legitimate intendment allowed in favor of complaint.**

After verdict and judgment, the complaint must be allowed the benefit of every legitimate intendment or inference that can be brought to bear upon the allegations.

3. **Judgment ⬳101(2)—Allegation in defective complaint held sufficient to save default judgment.**

Where a complaint in inferior court of Ensley, for lumber furnished, was bad in several particulars, but no objection was taken by demurrer or plea before judgment by default, the allegation that plaintiff claimed of defendant $41 due by account was sufficient to save the judgment on appeal; the rest of the allegations being treated as surplusage.

4. **Parties ⬳94(2)—Defendant held to waive inaccuracy of allegation of his name.**

With respect to inaccuracy in the allegation of defendant's name, defendant, by appearing before the inferior court without a plea in abatement, and by suffering judgment by default in the circuit court, waived the inaccuracy, and conceded that the name in which he was sued served the purpose.

5. **New trial ⬳95—Refusal to grant after default judgment, held not error, in absence of excuse for nonappearance.**

Where, after defendant appealed from the inferior court of Ensley to the circuit court, where a default judgment was entered against him, he moved for new trial, it was incumbent upon him to show an excuse for not prosecuting his appeal, though he was an ignorant foreigner, and, where he did not do so, order overruling his motion was not erroneous.

6. **Appeal and error ⬳1052(8)—Admission of testimony instead of books of accounts held not prejudicial.**

Where the issue on motion for new trial was whether payment in full had been made as evidenced by a receipt, reception of testimony that receipt was incorrect over objection that plaintiff's books were best evidence, *held* not prejudicial, where plaintiff conceded that neither its books nor the itemized statement of account showed item in dispute, but asserted and proved that defendant owed the disputed item.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by the Ensley Lumber Company against Phillip Contorno. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

William Vaughan, of Birmingham, for appellant.

A judgment by default, rendered on a complaint stating no good cause of action, will be reversed on appeal. Browder v. Gaston, 30 Ala. 677; Childress v. Mann, 33 Ala. 206; Douglas v. Beasley, 40 Ala. 142; Winnemore v. Mathews, 45 Ala. 449; Taylor v. Jones, 52 Ala. 78; Potter v. Tucker, 11 Ala. App. 466, 66 South. 922; Levystein v. Marks, 56 Ala. 564; St. Clair County v. Smith, 112 Ala. 347, 20 South. 385.

D. J. Flummer, of Ensley, for appellee.

No brief reached the Reporter.

SAYRE, J. This action by appellee against appellant was commenced in the inferior court of Ensley, was taken by defendant to the circuit court, and is now here on his appeal.

[1-4] The contention first to be noticed is that the complaint, filed in the inferior court, and upon which, without improvement, judgment by default was rendered in the circuit court, stated no cause of action. The complaint is extraordinarily bad. It fails to specify the legal character of plaintiff, though the name in which it sues suggests a corporation. It names defendant by

approximation only. Its single count passes without warning from a declaration in common assumpsit to a very imperfect description of a promissory note waiving exemptions. But at no time before the judgment by default was any objection taken by demurrer or plea. After verdict and judgment, the complaint must be allowed the benefit of every legitimate intendment or inference that can be brought to bear upon the allegations made. Louisville & Nashville v. Frazier, 194 Ala. 332, 70 South. 90; Seymour v. Thomas Harrow Co., 81 Ala. 252, 1 South. 45. "Plaintiff claims of the defendant the sum of $41.64 due by account," and this allegation, under the rule stated—the rest being treated as surplusage—suffices to save the judgment. As for the inaccuracy in the allegation of defendant's name, by appearing before the inferior court without a plea in abatement, and by suffering judgment by default in the circuit court, defendant (appellant) conceded that the name in which he was sued served the purpose as well as any other.

We do not understand that this court has ever held that a judgment of the circuit court on appeal from a justice of the peace— which jurisdiction the inferior court of Ensley exercises—will be reversed for defects in the complaint merely demurrable; no demurrer having been interposed at any stage. Richmond & Danville R. Co. v. Jones, 102 Ala. 212, 14 South. 786; Simmons v. Titche, 102 Ala. 317, 14 South. 786; Heyman v. McBurney, 66 Ala. 511; Arundale v. Moore, 42 Ala. 482, and cases of that sort hold only that, where more than $20 is in suit, and no complaint has been filed with the justice of the peace, it is necessary on appeal to the circuit court to file a complaint, but where a complaint has been filed with the justice of the peace and has been transmitted to the circuit court, the trial there may be had on the original complaint or a new complaint may be filed. Littleton v. Clayton, 77 Ala. 571. But the defendant will not be heard to object in this court for the first time that the complaint is merely demurrable, and therefore that judgment on it should be reversed. Richmond & Danville R. Co. v. Jones, supra, 216 (14 South. 786).

[5] The next question is whether the circuit court erred in overruling appellant's motion for a new trial. Appellant had no sufficient excuse for failing to propound his defense upon the regular call of the case for trial. Ignorant foreigners as well as others must be held to a knowledge of the regular procedure in the courts. It was incumbent on defendant to show that he had not been at fault in prosecuting his appeal to the circuit court; but this he did not show. Dothard v. Teague, 40 Ala. 583; Renfro v. Merryman, 71 Ala. 196; Barron v. Robinson, 98 Ala. 351, 13 South. 476.

[6] The foregoing is sufficient to dispose of this appeal. However, the circuit court considering defendant's motion for a new trial heard the evidence offered in respect to the merits of the defense alleged by defendant, and the point is now made that, so doing, the court committed error. Defendant's motion to set aside the judgment by default was based upon his contention that before suit brought he had paid plaintiff its demand in full; on the other hand it was contended that the receipt exhibited by defendant was the result of a mistake on the part of plaintiff's bookkeeper. And now error is affirmed of the court's action in receiving, over defendant's objection, the testimony of the plaintiff's witness Vines going to sustain plaintiff's contention. The witness, after acknowledging the execution of the receipt as a receipt in full, and the receipt of the amount thereby shown, deposed:

"I thought the $242.50, as shown by the bill I presented, was all he owed to us. I found out later that our bookkeeper had failed to include in the account on the books a bill of lumber amounting to $41.64."

Defendant objected and moved to exclude the foregoing testimony on the ground that it was not the best evidence; that the books were the best evidence. We do not see that defendant had any interest to serve by proving that plaintiff's books showed a charge against him of the item in dispute, and probably it was for this reason that defendant objected when plaintiff asked for time to produce the books. Plaintiff conceded that neither its books nor the itemized statement of account—in evidence—on which the receipt had been written, showed the item in dispute, but contended, nevertheless, and adduced evidence tending to show, that defendant owed the item in dispute. It does not appear, therefore, that defendant was prejudiced by the ruling of which he now complains.

We find no reversible error in the record. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.