142 So. 585

## COBB & WOODHAM v. W. E. DUGGAN LUMBER CO.

### 4 Div. 831.

Court of Appeals of Alabama.
March 29, 1932.

Rehearing Denied May 10, 1932.

A. Whaley, of Andalusia, for appellant.

Frank J. Mizell, Jr., of Florala, for appellee.

SAMFORD, J.

The appeal in this case is on the record, and presents but one major question for decision. The suit was brought by W. E. Duggan Lumber Company against these defendants both as a partnership and as individuals. There was no appearance by defendant, and judgment was rendered by default.

It is here insisted that the complaint fails to show on its face a legal plaintiff with capacity to maintain the suit, and that therefore the judgment must be reversed and the cause dismissed.

After judgment has been rendered by default and an appeal is taken to this court, the complaint must be allowed every legitimate intendment or inference that can be brought to bear upon the allegations made. Contorno v. Ensley Lumber Co., 211 Ala. 211, 100 So. 127. And if the complaint contains a substantial cause of action no judgment rendered thereon can be annulled, arrested, or set aside for any matter not previously ob-

jected to. Hall et al. v. First Bank of Crossville, 196 Ala. 627, 72 So. 171.

■ The record in this case shows the plaintiff to be "W. E. Duggan Lumber Company." The word "Corp." had it been added in the complaint, would not have become a part of plaintiff's name, and its omission does not take away the fact of the legal entity of the plaintiff. The contention of the appellant here is the same as that made by appellee in the case of Southern Life Ins. Co. v. Roberts, 60 Ala. 431. In that case the court held that: "In an action by a foreign corporation, if the complaint does not aver the plaintiff's corporate character, the cause should not be struck from the docket on that account, but an amendment should be allowed to supply the defect." To the same effect is the holding in Rosenberg v. Claflin Co., 95 Ala. 249, 10 So. 521; Alabama Conference v. Price, 42 Ala. 47; Lewis Lumber Co. v. Camody, 137 Ala. 578, 35 So. 126. So we hold in this case. The plaintiff sued by its correct name. It failed to include in the complaint words of description. This was an amendable defect, and, not being raised before judgment, cannot now be raised.

We find no error in the record, and the judgment is affirmed.

Affirmed.