17 143
103 604

17 143
f 136 420

## KITCHEN *vs.* MOYE ET AL.

1. Unless the record shows *affirmatively*, that a bill of exceptions found in it was signed by the presiding judge before the adjournment of the court, or within ten days thereafter by the written consent of the counsel engaged in the cause, under the statute of the 20th Dec. 1844, it must be rejected as forming no part of the record.

2. A record cannot be amended by proof of matters *dehors* the record.

JEWETT, for motion.

SEWALL, contra.

CHILTON, J.—In this case a motion is made to strike from the record the bill of exceptions which has been copied into it by the clerk of the court below. The ground of the motion is, that it does not appear by any matter apparent on the record that it was given and signed in term time, and because it is not dated, as required by the statute of 20th Dec. 1844.

In Wood v. Brown, 8 Ala. Rep. 563, this court held that the statute was mandatory and imperative. The act makes it *unlawful* for the presiding judge to sign a bill of exceptions after the adjournment of the court, except the counsel consent in writing to extend the time for signing the same: In which last named event, it shall not be postponed for more than ten

days: And that it may appear affirmatively of record that the bill was so signed, it is made the duty of the judge, when he signs it, to add thereto the correct date of such signing.

This statute is one which in my judgment was loudly called for as necessary to secure the due administration of justice, and should receive such construction as will effectually suppress the evil intended to be remedied. We feel no hesitation in adopting, as the correct practice under it, the rule that the record should affirmatively show the statute has been complied with. If it fail to show the bill of exceptions was signed before the adjournment of the court, or afterwards and within ten days from the adjournment, by the written consent of the counsel engaged in the cause, we must reject the bill as forming no part of the record.

The motion submitted by the counsel to amend the record by showing that the bill of exceptions was signed in term time, cannot be entertained. Were we to receive affidavits to amend the record, we should violate that salutary rule which requires that amendments of the kind should only be allowed when there is some matter of record upon which to predicate them. Every consideration of public policy requires that the records of the courts, upon which depend the rights of parties, should not be altered by proof of matter *dehors*, as is here proposed. If the judge refuse to sign the bill of exceptions as required by the act, the law does not leave the party aggrieved without remedy.

Our conclusion is, that the bill of exceptions in this case cannot be allowed as a part of the record, and the motion to strike it therefrom must be accordingly granted.