### Bernard L. Meister v. James Birney.

*Lease: Novation: Estoppel: Expenditures in litigation.* A lessor leased premises for six months, payable monthly in advance, with agreement to make certain alterations. Before the expiration of the first month, and before the alterations were made, the lessee turned over her lease for the month paid in advance to defendant below. The lessor declining to complete the repairs unless assured of the payment of the balance of the rent, the defendant told him the lease had been assigned to him, and he would pay the rent. The lessor completed the repairs; and at his request the defendant stipulated in writing to the effect that the lessee having assigned her interest in the lease to him, he agreed to comply with its terms. Soon after the commencement of the second month he surrendered the possession of the premises on the demand of the original lessee, but without any notice to the lessor. The latter sued for the rent of the second month:—

*Held,* That this was not a case of novation. To have made it such the defendant must have been liable to the lessee for the rent sued for; and in consideration therefor, and by her order or consent, and in discharge of her obligation, must have promised to pay the same to the lessor.

*Held further,* That if the plaintiff was induced to incur the expense of the litigation in reliance upon a promise by defendant to pay, which was apparently legal and valid, and upon a statement of the defendant establishing his liability, which, though not true, plaintiff had reason to believe to be so and to rely upon, the defendant is estopped to deny the truth thereof. Expenditures in litigation may as reasonably constitute the basis of an estoppel as any other expenditures.

*Submitted on briefs April 4. Decided April 10.*

Error to Bay Circuit.

This was an action of assumpsit brought before a justice of the peace, to recover the rent of a store in Bay City. Judgment was rendered in favor of plaintiff. The defendant appealed to the circuit court, where the cause was tried by the court, without a jury. The following is the finding:

This cause having been heard at the September term, 1870, and submitted, now at this day, the court finds that

on the 23d day of May, 1870, at Bay City, in Bay county, Michigan, James Birney, plaintiff, leased by writing to Rosa Meister, the south store in Birney's block, on lot two, block fifty, of the plat of Bay City, to be used as a clothing store, for the full term of six months from the 30th day of May, and agreed with her also to make certain alterations specified in said lease, not exceeding fifty dollars in cost; and the said Rosa Meister also agreed in said writing to pay a monthly rent of seventy-five dollars in advance, and paid the first month's rent accordingly, the defendant, B. L. Meister, loaning her the money for that purpose; that on the execution of the said lease, Rosa Meister, by parol agreement with said lessor Birney, was let into possession; that very soon after, and before the above alterations were completed, her property was attached, and she turned over the lease for the month paid in advance to the defendant, who required said lessor to complete the alterations; that said plaintiff and lessor then declined to spend any more money unless he was assured that the rent for the ensuing five months should be paid; that said defendant then informed the plaintiff that he held the lease, which had been assigned to him, and was going to occupy the premises, and would pay the rent the same as Rosa had agreed to pay; that said lessor thereupon finished the alterations specified in the lease; that said plaintiff afterwards requested said defendant to enter into written stipulation with him; and the said defendant accordingly executed the following agreement, written on said lease to Rosa Meister and below the signatures:

"Rosa Meister having assigned her interest in the above agreement, to B. L. Meister, the undersigned, he agrees to comply with the terms and conditions above specified.

"June 1st, 1870. (Signed)   B. L. MEISTER."

That said defendant Meister occupied said premises up

to July 5, 1870, at which time said Rosa Meister demanded a return of the possession of said premises to her, and the said defendant accordingly surrendered such possession to her, and has not since occupied said store; that said defendant Meister returned the keys of the store to Rosa, but gave no notice to the plaintiff of such or any surrender of the premises, or termination of his interest in the lease; that an installment of rent on said lease fell due on the 30th day of June, 1870; that an action was brought therefor by said plaintiff against said defendant in justice's court, which action was contested by said defendant, and that the plaintiff recovered judgment therein; that no more rent has ever been paid, nor surrender of the premises made to plaintiff by Rosa Meister.

This suit is brought to this court by appeal, and is maintained to recover the monthly rent of seventy-five dollars for the time from July 30th to August 30th, 1870, and the court finds, as a matter of law, that by novation said defendant Meister became lessee in said lease in place of said Rosa Meister; that there has been no breach of contract, no failure of performance or of consideration of said plaintiff; that the rights of said Rosa in said store, are now voluntarily waived by her in permitting said defendant to occupy said store after June 30th, under her said lease, and by her failure to pay or offer to pay the rent then due in advance; and that said defendant Bernard L. Meister did assure and promise, as said plaintiff James Birney hath in his said declaration against him alleged. Whereupon the court assesses the damages of said plaintiff, by reason of the non-performance of his promises in this behalf by said defendant, at the sum of seventy-six dollars and sixty-three cents, for which sum the clerk will enter judgment in favor of said James Birney.

Exceptions were taken to this finding, and the cause

was removed to this court by the defendant, on writ of error.

*Marston & Hatch,* for plaintiff in error.

*J. W. McMath,* for defendant in error.

COOLEY, J.

The circuit judge was clearly in error in treating this as a case of novation. To render it such, Bernard L. Meister must have been liable to Rosa Meister for the rent, which is sued for, and in consideration of such liability, and by her order, or with her consent, and in discharge of her obligation, must have promised to pay the same to Birney, the lessor. But the facts negative any liability to her for the month for which suit is brought; and moreover she is not in any manner connected with the promise to Birney, or shown by Birney's consent to have been discharged. There was consequently no novation.

But the judgment may possibly be right, even though the wrong reason was assigned for it. Two grounds are suggested on which it is supposed it may be supported. The first is, that the lessee, having had her goods attached, so that the remedy of the plaintiff (below) against her became of doubtful value, the promise of defendant (below) to pay the rent if the plaintiff would proceed to make the alterations in the building which had been stipulated for, was supported as a contract by a sufficient consideration when those alterations were made. The difficulty with this suggestion is, that the plaintiff in making the alterations had done nothing but what he agreed to do in consideration of Rosa Meister's promise to pay the rent; nothing but what he was legally bound to do. He had relied upon the responsibility of his lessee in leasing to her, and he does not appear to have attached any special conditions to the

lease. He could not refuse to make the alterations in consequence of the lessee's goods having been attached; he lost no remedy against her in consequence of defendant's promise, and he could not have protected defendant in the possession when the lessee demanded it from him after the expiration of the month for which defendant was lessee. So long as he occupied, the defendant was legally bound to pay rent; but when he surrendered possession on a legal demand for it by the lessee, it is difficult to discover any consideration for his promise to pay more. Had this been the case of any controversy between the parties which they had seen fit to settle by mutual arrangement, we should not be inclined to inquire into the reasonableness of their respective claims; but this is not such a case. Neither does it resemble *Moore v. Detroit Locomotive Works, 14 Mich., 266,* where the court declined to consider a party's claim to damages for the non-delivery of a chattel in due season, after he had accepted delivery on an understanding that no such claim should be made. To refuse to open a controversy which the parties, induced by no fraud and laboring under no mistake, have agreed to consider closed, is obviously a very different matter from holding a party bound to do affirmative acts in the future when his promise to do so is without legal consideration.

The second ground suggested is, that the defendant, having attorned to the plaintiff under a statement that he was assignee of the term, and having procured the alterations to be made by the lessor in reliance upon such statement, should be held estopped afterwards from disputing its truth. But there can be no estoppel unless the plaintiff was induced to take some action in reliance upon the statement which he was not legally bound to take, which otherwise he would not have taken, and which will result to his detriment if the statement upon which he relied is allowed

to be disproved.   Making the alterations is not such action, if legally he was bound to make them, and presumably would have done so, because thus bound.   We think, however, the subsequent action may be held to bind the defendant.   Although he surrendered possession to Rosa Meister after his month was up, he did not inform the plaintiff of that fact, and we are not apprised by this record that plaintiff was notified of the surrender before this suit was brought.   The construction we put upon the judge's finding is that the plaintiff, when he brought this suit, believed, and relied upon, the defendant's averment that he owned the term, and supposed him in possession, and to be in default in the payment of rent which it belonged to him to pay.   If such was the fact; if the plaintiff was induced to incur the expense of this litigation in reliance upon a promise to pay, which was apparently legal and valid, and upon a statement of the defendant establishing such liability, which, though not true, he had reason to believe to be so, and to rely upon, we think the defendant cannot be permitted in this suit to deny the truth of such statement, and thereby not only evade his promise, but impose upon the plaintiff the expense of the suit.   Expenditures in litigation may as reasonably constitute the basis of an estoppel as any other expenditures; and in this case it is just and equitable that they be held to do so.

The judgment will therefore be affirmed, with costs.

The other Justices concurred.