# Myers *v.* Byars.

*Action of Assumpsit.*

1. *Attorney liable for money had and received.*—An attorney who has collected a certain sum of money due his client, a part of which he and his client are under obligation to pay to a third party, is responsible to said third party for money had and received, to the extent of the portion to which he is entitled.

2. *False representation; estoppel.*—Where one represents to another that he has money in his possession which is claimed by the latter, but says he will not pay it over until the conflicting claims thereto have been decided by the courts, and by reason of such a representation the latter is induced to institute suit for the recovery of the money, the former is estopped from saying in the action so induced that he did not, in fact, have the money.

3. *Contract to await result of contest.*—Where an attorney agrees or contracts to hold a certain sum of money collected for his client "to

[Myers v. Byars.]

await the result of a contest as to the validity of a claim for that sum,"
to be instituted by a third person, an action for money had and re-
ceived brought by said third person against the attorney is such a
contest as was contemplated by the contract, since the client could
have supervened as a claimant.

APPEAL from the City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

This was an action brought by the appellee, J. E. Byars,
against the appellant, D. F. Myers; and sought to recover
$1000.00, which was alleged to be due the plaintiff. The
complaint contained only the common counts.

The evidence, as is shown by the bill of exceptions, estab-
lished the following facts: One J. L. Landrum owned ticket
number 93,890 in the April, 1889, drawing of the Louisiana
State Lottery; J. E. Byars purchased said ticket, or an in-
terest therein, from Landrum; the said ticket drew a prize
in the drawing of the Louisiana State Lottery, which en-
titled the owner thereof to $5,000.00. Landrum then claimed
to be the sole owner of said ticket; Byars resisted this
claim. The said ticket was lost, and D. F. Myers, as attor-
ney for J. L. Landrum, agreed that he, for the said Lan-
drum, would pay Byars $1,000.00 out of the $5,000.00 to
which the ticket entitled them, if Byars would withdraw his
claim to said ticket, and would aid the said Landrum in col-
lecting the amount drawn thereby, by testifying as to the
loss of the same. In accordance with this agreement, Byars
made an affidavit that he had purchased said ticket from
Landrum, but that Landrum was the owner of the ticket; that
said ticket was lost; and in said affidavit he authorized the
payment of the said $5,000.00 drawn by said ticket to D. F.
Myers. He also, at the same time, released all interest in
the ticket, except as to the $1,000.00 above referred to.
Some time afterwards the said Landrum commenced a suit
in New Orleans against the Lottery Company to recover the
$5,000.00 alleged to have been drawn by the ticket. Inter-
rogatories in the said suit were propounded to the said J.
E. Byars and one Bryant. After having heard the answers
given by said Bryant to the said interrogatories, Byars re-
fused to testify to the same things, saying that Bryant had
not told the truth. Thereupon Myers informed Byars that
Landrum would no longer be bound by the agreement to
pay the $1,000.00, and Byars, through his attorney, inter-
posed a claim in the suit of Landrum against the Lottery
Company, by what is known in Louisiana as an "Interven-
tion." After this intervention was filed, another agreement
was entered into, on February 13, 1890, between the said J.

E. Byars and D. F. Myers, in which it was agreed that D. F. Myers was "to hold the sum of one thousand dollars ($1,000.00), of the amount claimed from the Lottery Company, to await the result of the contest as to the validity of the claim for that sum, to be instituted in the courts of Jefferson county, Alabama, by J. E. Byars." Byars' intervention was withdrawn, and after the recovery of the $5,000.00 by Landrum, which was paid to Myers, he refused to pay the $1,000.00 to Byars, saying, "I have received the said $1,000.00, and neither you nor Landrum can get it until the court determines who is entitled to it." After this conversation, J. E. Byars brought the present action against D. F. Myers to recover the $1,000.00.

The defendant, as a witness in his own behalf, testified, that the statements made about the receipt of the $1,000.00 were made in jest; and that as a matter of fact he had never received the said $1,000.00, which was agreed to be held by him to await the decision of the court to determine whether Byars or Landrum was entitled thereto.

The cause was tried without the intervention of a jury, and after hearing all the evidence the court decided, as is recited in the bill of exceptions, "that because defendant, Myers, had admitted, as testified to by plaintiff and J. L. Meade, 'that he had received the $1,000.00, and that neither plaintiff nor Landrum could get it until the court determined who was entitled to it,' the defendant was thereby estopped from denying, or introducing testimony to prove, that the said money had never come into his possession, nor was ever received by him; and that under the proof, the plaintiff was entitled to recover, and accordingly entered up judgment against the defendant in favor of plaintiff for said sum and costs of this suit." From the judgment so rendered the defendant appeals, and assigns the same as error.

CUMMING & HIBBARD, for appellant.—The doctrine of estoppel does not apply in this case.—*Larkin v. Mead*, 77 Ala. 485; *Turnipseed v. Hudson*, 50 Miss. 429; *Flower v. Elwood*, 66 Ill. 438; 2 Herman on Estoppel, §§ 781, 905.

HEWITT, WALKER & PORTER, *contra*.—Defendant is estopped from denying that he had received the $1,000.00 for the plaintiff.—*Meister v. Birney*, 24 Mich. 435; *Robb v. Shephard*, 50 Mich. 189; 2 Herman on Estoppel, §§ 752-764.

McCLELLAN, J.—It seems clear to us that the evidence in this case, aside from the agreement between Landrum

[Rich v. Lowenthal.]

and Byars and between their attorneys, Myers and Fellows, the plaintiff below was entitled *ex æquo et bono* to one thousand dollars of the five thousand dollars recovered from the Louisiana State Lottery Company. If Myers had the money to which plaintiff was entitled he was liable to an action for money had and received. If Myers did not have the money, but represented to plaintiff that he did have it, but would not pay it over until conflicting claims thereto were adjudicated by the courts, and by such representation induced plaintiff to believe the money was held by him, and the plaintiff brought this suit on the faith of such representation, and thereby subjected himself to the costs and expenses incident to the prosecution of the action, all of which we find to be facts, Myers was estopped to say in the action thus induced, if not indeed invited, that he did not in fact have the money.—Bigelow on Estoppel, 550; *Meister v. Birney,* 24 Mich. 435 ; *Robb v. Shephard,* 50 Mich. 189; *Stevens v. Ludlum,* 13 L. R. A. 270, note.

The agreement referred to, that of February 13, 1890, contemplated and provided for a contest in the courts of Jefferson county to determine certain conflicting claims of the plaintiff in this action and one Landrum to the fund now in controversy, and a decision thereof in plaintiff's favor as a condition upon which the defendant would pay the money to plaintiff. We are of the opinion that this suit, in which Landrum might have supervened as a claimant, fills the terms of this agreement, and is the contestation contemplated therein.

It appears, however, that plaintiff had received one hundred of the thousand dollars to which he was entitled in the payment of a fee which he owed to J. L. Meade. The judgment below should have been, therefore, for nine hundred, instead of one thousand, dollars. It will be so modified here ; and, as modified, will be affirmed.