# McConnell v. Worns.

*Action to enforce Mechanic's and Material-man's Lien.*

102  587
114  675

102  587
135  544

1.  *Appeal from justice's court; irregularity therein can not be pleaded
in abatement.*—On an appeal from a judgment rendered by a justice
of the peace, the judgment is vacated, and the cause must be tried
*de novo*, without regard to any defect in the summons or process or
proceedings before the justice, (Code, § 3405); and the defendant can
not plead in abatement any irregularity or defects in the process or
proceedings before the justice of the peace.

2.  *Complaint not demurrable for failure to show service on defendants.*
A complaint is never subject to demurrer for anything not appear-
ing in it; and it being unnecessary for it to show that any of
the defendants were served with process, a complaint is not demurra-
ble for its failure to show such service.

3.  *Suit to enforce mechanic's and material-man's lien; service of pro-
cess upon contractor's firm.*—In an action by a mechanic and material-
man to enforce his statutory lien, where the summons and complaint
show that S. and B., the contractors, were proceeded against as "late
partners in business under the firm name of S. & Co.," and the sum-
mons was served on B., the owner of the property sought to be sub-
jected to the lien can not object by demurrer to the complaint that
suit was not instituted against the late firm of S. & Co.

4.  *Demurrer to complaint overruled; when error without injury.—*

[McConnell v. Worns.]

Where, in an action to enforce a mechanic's and material-man's lien, the complaint seeks a money judgment against the owner of the property sought to be subjected to the lien, the overruling of the owner's demurrer to the complaint, based on such ground, is error without injury, if, in the judgment rendered, the court did no more than declare a lien on the owner's premises for the amount of the money judgment rendered against the contractor; and such error will not justify a reversal of the judgment.

5. *Discontinuance as to one defendant; objection thereto can not be raised on appeal.*—When, on the trial of a cause, it was discontinued as to one of the defendants, who was not served with process, without objection on the part of either of the remaining defendants, such objection can not be raised for the first time on appeal

6 *Pleas in an action to enforce mechanic's lien; when they should show a compliance with the statute.*—When in an action to enforce a mechanic's and material-man's lien, the owner of the premises pleads that, at the time plaintiff gave him notice that he looked to his lien on the building being erected, he (the owner) had paid to the contractor the full amount he had contracted to pay for the erection of the building, the plea should also aver that the owner had complied with the requirements of the statute, in order to exempt his property from the enforcement of the lien, by demanding of the contractor "a complete list of all the material-men, laborers and employés, who had furnished materials or performed any labor or service in and about the erection of said building, under any contract with the contractor;" and upon the failure to make this latter averment, the plea is defective in not presenting a defense, and is subject to a demurrer based upon such failure.

7. *Enforcement of mechanic's and material-man's lien; when owner of premises estopped from denying he owes principal contractor.*—When, in an action by a sub-contractor to enforce a mechanic's and material-man's lien, it is shown that the owner of the premises sought to be subjected to the lien failed to comply with the requirements of the law to protect his property from the enforcement of a sub-contractor's lien, but told the sub-contractor that he had in his hands enough money due to the principal contractor to pay him, and allowed the sub-contractor to complete his work, the owner is estopped from denying that he had enough money in hand, due the principal contractor, to pay plaintiff.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee, Ed. C. Worns, doing business under the firm name of E. C. Worns & Co., against the appellant, H. L. McConnell, and Stoner & Co.; and sought to recover for labor performed and materials furnished in the erection of a house

owned by said H. L. McConnell, and to fasten a mechanic's and material-man's lien upon the said house and lot.

The suit was originally commenced in the court of a justice of the peace, and as styled in the complaint the suit was against "H. L. McConnell, and Matthew T. Stoner and C. E. Bryan, late partners in business under the name of Stoner & Company." The summons was issued on November 22, 1892, and the same was marked executed on the said Bryan December 1, 1892, and on McConnell December 9, 1892. There was no service upon Stoner. In the justice of the peace court judgment was rendered in favor of the plaintiff "against Stoner and Bryan and H. L. McConnell for $83.00, $15.00 attorneys' fees, and costs of this proceeding, and the same is declared a lien on the following property," describing the lot upon which the house was erected for McConnell. From this judgment an appeal was taken to the city court by H. L. McConnell. In the city court the defendant, H. L. McConnell, filed his plea in abatement, setting out the summons and complaint in the justice of the peace court, the judgment entry by the justice of the peace, and the facts showing a failure of service on Stoner, as stated above ; and the defendant alleged in his said plea that the facts set forth therein show that the said cause of action was discontinued, and that the judgment rendered against him was invalid.

To this plea in abatement the plaintiff demurred on the grounds : 1st. The plea was no answer to the complaint, or any part thereof. 2d. The said plea was not filed by Stoner & Co. or by either member of the said company. 3d. Said plea was filed after the said McConnell had appealed the cause to the city court, thereby waiving such defects as he complained of, and by such acts he was estopped from making such objections. 4th. The alleged defects in the judgment entry by the justice of the peace constitute no defense to this action in the city court, because in said city court, under the law, the case is triable *de novo*. This demurrer was sustained, and the defendant McConnell then demurred to the complaint on several grounds, which are sufficiently stated in the opinion. This demurrer was overruled, and the defendant then pleaded as follows : 1st. A denial of the allegations of the complaint. 2d. That at the time

the plaintiff gave notice to the defendant that he looked to his lien on the building owned by the defendant for payment of his claim, the defendant was not indebted to the contractors for the building or improvements erected on his lot. 3d. That at the time the notice was given to the defendant that the plaintiff looked to his lien on the building, the defendant had paid the full amount he had contracted to pay to the contractors for the erection of said building, and had paid the said sum on pay rolls for labor done upon said building, furnished to him by said contractors, and to material-men on bills furnished by said contractors for material used in said building, and that the defendant paid each of said bills and pay rolls in full as presented. 4th. That the contractors did not complete the building to be erected by them in accordance with the terms and provisions of their contract with the defendant; but the defendant paid the expenses for completing the said building, in accordance with said contract; that under said contract he was entitled to certain liquidated damages, if the contractors failed to complete the building at a specified time; and that, after a deduction of said several sums from the contract price for the erection of said building, the defendant has paid out the full amount, and more than was contracted for. The plaintiff demurred to these pleas as follows: To the second plea, because the same is no answer to the complaint. To the third plea, on the ground that the plea fails to allege that, before making any payment under the contract with Stoner & Co., the defendant demanded of the said contractors "a complete list of all the material-men, laborers and employés who had furnished materials or performed any labor or service in and about the erection of said building, under any contract, with the contractors;" and also failed to allege that he paid such amounts due by said contractors to persons named in such a list. The 4th plea was demurred to on the same ground as the third. The demurrers to these several pleas were sustained, and the defendant separately excepted.

Upon motion of the plaintiff, it was ordered by the court that the cause be discontinued as to the defendant Matthew T. Stoner, who had not been served with process, and the defendant C. E. Bryan, in open court, consented to proceed with the trial of the cause.

[McConnell v. Worns.]

The facts of the case, in reference to the contract for the erection of the house, between Stoner & Co. and the defendant, H. L. McConnell, are substantially the same as those found reported in the case of May & Thomas Hardware Company v McConnell, *ante*, p. 577.

The plaintiff in this case sued for a balance due him for plumbing, which work was done under contract with Stoner & Co. The other necessary facts are sufficiently stated in the opinion. The cause was tried without the intervention of a jury, and, upon the hearing of all the evidence, the court rendered judgment for the plaintiff. Defendant appeals, and assigns as error the rulings of the trial court upon the pleadings, and rendition of judgment for plaintiff.

E. J. SMYER, for appellant.—The suit was against the individuals, and not against the partnership.—*Mc-Coy v. Watson*, 51 Ala. 466; *Yarbrough v. Bush*, 69 Ala. 170; *Wyman v. Stewart*, 42 Ala. 163. A discontinuance as to one party sued is a discontinuance as to all.—*Masterson v. Gibson*, 56 Ala. 56; *Jones v. Engelhardt*, 78 Ala. 505; *Kendall v. Lassiter*, 68 Ala. 181; *Montgomery Gas Light Co v. M. & E. R. R. Co.*, 86 Ala. 372; *Reynolds v. Simpkins*, 67 Ala. 378; *Huff v. Davison*, 44 Ala. 273; *Bachus v. Mickle*, 45 Ala. 445; *Curtis v. Gaines*, 46 Ala. 455; *Whitaker v. Van Horn*, 43 Ala. 255.

The owner for whom the house was being built, having paid the contractor in full at the time the notice was given by the sub-contractor, such sub-contractor was not entitled to the enforcement of his mechanic's and material-man's lien.—*Trammell v. Hudmon*, 78 Ala. 222; *Childers v. Greenville*, 69 Ala. 103; *Gibson v. Lenane*, 94 N. Y. 184; *Cutler v. McCormick*, 48 Iowa 406; *Copeland v. Manton*, 22 Ohio St. 398; *Craig v. Smith*, 37 N. J. Law, 549; *Dorestan v. Krieg*, 66 Wis. 604.

HIBBARD & MILES, *contra*.

HARALSON, J.—1. There was no error in sustaining a demurrer to defendant's plea in abatement. When the appeal was taken to the city court, the judgment before the justice was vacated, and ceased to have any force or effect, either as an estoppel, or as matter of evidence. The only defenses that court could regard were such as

went to the merits of the case; to be tried *de novo*, as if it had originated in that court, in the first instance.—Code, § 3405; *Lehman v. Hudmon*, 79 Ala. 532; *Littleton v. Clayton*, 77 Ala. 571; *Abraham v. Alford*, 64 Ala. 281.

2. The statute provides, that "the complaint * * shall contain a description of the property on which the lien is claimed, and shall allege the facts necessary to entitle the plaintiff to the lien and the enforcement thereof."—Code, § 3029. The demurrer to the complaint does not question its sufficiency, except in the respects, (1), that Stoner & Co. are necessary parties to the suit, and are not made parties; (2), that C. E. Bryan and M. T. Stoner are necessary parties and have not been served with process; and because, (3), the plaintiff seeks a personal judgment against defendant McConnell.

The complaint does not show, and it is unnecessary for it to show, that any of the defendants had been served; and a complaint is never subject to demurrer for any thing not appearing in it. M. T. Stoner and C. E. Bryan, as appears from the complaint, were proceeded against as "late partners in business under the firm name of Stoner & Co.," and they are described in the summons in the same manner, which was served by executing it on C. E. Bryan. It can not be objected, then, that suit was not instituted against the late firm of Stoner & Co.

It is not clear from the complaint, that a moneyed judgment is not sought against appellant, McConnell, as well as against the other defendants; but one thing is certain, and that is, that no such judgment was rendered against him. The court did no more, in the judgment that was rendered, as against the appellant, than to declare a lien on the lot of land upon which the complaint sought to have one declared and enforced, and to order its sale for the amount of the judgment rendered in the suit against the contractor. If there was any error in the frame of the complaint as to him in this respect, the appellant suffered no injury from it, and can not be heard to complain for the overruling of his demurrer to it.

3. On the trial of the cause, without any objection on the part of either of the other defendants, it was discontinued as to M. T. Stoner, who was not served, and it was prosecuted against the said C. E. Bryan, who ap-

peared and consented to proceed with the trial; and judgment was rendered against him for $101.42, and a lien was declared and ordered enforced against the land described in the complaint. The appellant not having objected in the court below to the trial of the cause, without said Stoner as a party defendant,—if it was necessary for him to be one,—can not raise that question for the first time in this court.

4. Neither of pleas 2, 3 and 4 filed by the appellant, the owner of the building, shows a compliance by him with the requirements of the statute, in order to exempt his property from the declaration and enforcement of a lien thereon under said act, and were, therefore, subject to the demurrer interposed to them.

5. The case was tried by the court without a jury upon the denials of the allegations of the complaint.

By the contract with plaintiff, the contractors were to complete the house within 60 days from the 21 July, 1892. The plaintiff, on the 4th November, following, notified appellant, in the manner required by statute, of his intention to claim a lien; and on the 21st of November he filed his claim of lien under the statute in the office of the judge of probate of the county.

The evidence showed, without conflict, that the list as required by section 2½ of said act was not demanded by the appellant, nor furnished by the contractors. They furnished pay-rolls of laborers once a week, and he settled by them. The plaintiff testified, that about the time he was completing his contract for labor and materials furnished, he made out his bill showing the balance unpaid, which was certified by the contractor as follows: "Mr. McConnell: Please pay above when plumbing is finished, and oblige, Bryan & Stoner, 10, 1, 1892;" and presented the same, thus certified, to Mr. McConnell's authorized agent in charge of the work, who informed him that he had $350 on hand, due the contractors,—more than enough to pay him; and further, that he completed his contract. This account was presented to J. W. McConnell, defendant's agent, on the 1st of October, 1892. It was also shown by plaintiff that said McConnell knew the plaintiff was doing the work, and had paid him, up to 1st. October $75 thereon. J. W. McConnell, the agent of defendant, testified for him, that he did not remember telling plaintiff that he had money enough in his

38

[State *ex rel.* Perkins v. Montgomery Light Co.]

hands to pay his claim, but he may have told him so; that plaintiff did not complete his job until the 25th or 26th of October, 1892, and that he had already paid out more money than he owed the contractors under the contract.

6. We have the case, then, presented to us in this manner : The owner failed to comply with requirements of the mechanics' and material-men's act, to protect this property from the declaration and enforcement of a lien thereunder, the proofs show that he knew what he would owe the plaintiff, on the completion of his contract ; he allowed him to go ahead and complete it, by furnishing labor and materials, and did not forbid him to do so ; that he told him he had money enough going to the principal contractor to pay him, and this, as is presumable, to induce plaintiff to complete the work, and now refuses to pay it, on the alleged ground, that he had already paid out more than he had contracted with the principal contractors to pay. Such a defense can not be entertained. He is estopped to deny he had money in hand of the contractor, sufficient in amount to pay plaintiffs. *Myers v. Byars*, 99 Ala. 484.

This disposes of all the matters assigned as error which have been insisted on in argument.

Affirmed.