ISAAC N. CAMP *et al.*, Respondents, v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, April 9, 1895.

1. **Pledge**: ESTOPPEL OF OWNER OF PROPERTY. The owner of personalty will be estopped from setting up his title as against the pledgee of it, when he has invested the pledgor with ostensible authority to make the pledge and the pledgee has acted upon the faith thereof.

2. ———: PRINCIPAL AND AGENT: COMPETENCY OF DECLARATIONS OF LATTER. But *held*, that the declaration by such pledgor to the pledgee, that he was authorized to make the pledge, was not competent evidence against the owner of the property in an action involving the validity of the pledge.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Henry G. Herbel* for appellant.

The court erred in excluding the testimony, offered by defendant, regarding the representations made by plaintiffs' agent Rudisill at the time he shipped the pianos in controversy, and of the custom in vogue at Arkadelphia of advancing money on shipments such as this, and the character of the bill of lading issued by it for such shipment. *Schimmelpennich v. Bayard*, 1 Pet. 290; *Johnson v. Hurley*, 115 Mo. 520; *Johnson v. Jones*,

4 Barb. 473; *Salis v. Mueller*, 98 Mo. 481; *Howe Machine Co. v. Snow*, 32 Iowa, 436; *Larson v. Railroad*, 110 Mo. 244; *Bergman v. Railroad*, 104 Mo. 88; *Hampton v. Car Co.*, 42 Mo. App. 135; *Handley v. Railroad*, 55 Mo. App. 505; *Mitchum v. Dunlap*, 98 Mo. 421; *Midland Bank v. Schoen*, 27 S. W. Rep. 547; R. S. 1889, secs. 744, 745.

*Collins & Jamison* for respondents.

The doctrine of estoppel can not be invoked in this case, for the reason that there was no evidence tending to show that plaintiffs had knowledge of facts which, if known, would have required them to speak. *Johnson v. Hurley*, 115 Mo. 520; *Brewer v. Railroad*, 5 Met. 478; *Hill v. Epley*, 31 Pa. St. 334; *Biddle Boggs v. Merced, etc., Co.*, 14 Cal. 368; *Burke v. Adams*, 80 Mo. 504; *Searle v. Abbe*, 13 Gray, 409.

BIGGS, J.—The facts out of which this litigation has arisen are these: On the tenth day of April, 1891, the plaintiffs who are doing business in the city of St. Louis appointed one J. M. Rudisill, of Arkadelphia, Arkansas, their agent or factor, with authority to sell pianos and organs for them in that vicinity. Their contract was reduced to writing, in which it was stipulated that Rudisill should receive as compensation for his services as agent all that he could sell an instrument for in excess of a certain price. It was also agreed that all pianos and organs shipped to him, and which were not sold within ninety days thereafter, should be returned to the plaintiffs, and that he would pay the freight charges both ways.

The pianos in question had been shipped to Rudisill by the plaintiffs, and were shipped back to them by him over the defendant's road. They arrived in

St. Louis on December 29, 1891. ' The charges for the shipment were $29.90, which Rudisill had failed to pay, and in addition to this the defendant's agent at Arkadelphia had advanced to him $50 on the shipment. The defendant notified the plaintiffs of the arrival of the goods, and also rendered a statement of the charges thereon. The plaintiffs denied the right of Rudisill to pledge the pianos for the advancement. They tendered the freight charges, however, and demanded a delivery of the property. The defendant refused to surrender the possession, unless the advance charges were paid. Thereupon the plaintiffs instituted the present action of replevin in the circuit court. The goods were taken from the possession of the defendant and delivered to the plaintiffs. There was trial before a jury, which, under the instructions, found the issues for the plaintiffs, and assessed the damages for the detention of the property at $100. The plaintiffs remitted $25 from the amount of damages allowed, and thereupon the court entered judgment on the verdict. The defendant has appealed, and assigns for error the action of the court in giving and refusing instructions, and also as to the admission and rejection of evidence.

It is conceded by the defendant that the pianos in fact did not belong to Rudisill, and that under his contract with plaintiffs they remained their property, and that under the contract he had no right to pledge them for any purpose. The defense which was attempted to be made was that Rudisill, when making previous shipments of pianos and organs to the plaintiffs, had represented to the defendant's agent at Arkadelphia that he had authority to charge the goods with the amount of freight due him from the plaintiffs on other shipments; that the defendant had accordingly made advances thereon to Rudisill, which the plaintiffs,

with full knowledge of the facts, had paid without protest or complaint; that it made an advancement of $50 on the pianos in question upon the faith of the previous course of dealing, and upon the representation of Rudisill that the amount was due him and that he had a right to pledge the shipment for that amount, and that by reason thereof the plaintiffs ought to be estopped to deny that Rudisill had any such authority. The defendant claims that its evidence tended to establish this defense, but the circuit court declined to submit it to the jury.

The principle is well established, and it finds application in cases at law as well as in equity, that, where one knowingly permits another to deal with his property as his own by selling or pledging it, and an innocent third party acts on the faith of it to his prejudice, the real owner will be estopped from impeaching the transaction on the ground of his better title. *McDermott v. Barnum*, 19 Mo. 204; *Hibbard v. Stewart*, 1 Hilt. (N. Y.) 207; *Meister v. Birney*, 24 Mich. 435; *Governor ex rel. v. Freeman*, 4 Dev. Law, 472; *Mason v. Williams*, 66 N. C. 564. Or, stating it another way, if one, by his conduct, causes another to believe in a certain state of facts and a third person acting upon it assumes responsibility or parts with his property, the former will be estopped to deny that such facts really existed.

We apprehend that the learned judge who tried the case had this principle in mind, and that he refused the defendant's instructions, and gave those asked by the plaintiff's (which ignored the defense), on the theory that the defendant had failed to introduce any substantial evidence in support of the estoppel.

Now let us see what evidence the court had before it. The plaintiffs admitted that in the latter part of April, 1891, Rudisill shipped to them, over defendant's

road, an organ on which the total charges were $26.70,
which they paid.  They also admitted that, in July
following, he shipped to them over the same road a piano
on which the total charges were $31.50, which amount
was also paid.  The plaintiff's manager testified that,
at the time the bills were paid, he did not know that
advance charges were included.  He admitted, however,
that he thought the charges exceeded the usual freight
rates.  He also admitted that what purported to be
copies of the accounts which the defendant exhibited
to him at the trial were true copies of the accounts
which the plaintiffs had paid.  These copies were read
in evidence (the originals having been lost), and they
both showed two distinct items, one for freight and the
other advance charges.  The one for the organ showed
$9.20 due for freight and $17.50 due for advance charges
to Rudisill.  For the piano, the item of freight was
$9.20 and the advancement $22.20.

From this evidence it could be justly inferred, if
not conclusively presumed, that the plaintiffs, at the
time they paid the bills, knew, or by the inspection of
the accounts could have known, that Rudisill was
assuming to pledge their property for advances made
to him by the defendant, and, as the plaintiffs admit-
ted that they paid the charges without protest, and, as
the evidence offered by the defendant tended to show
that its agent at Arkadelphia made the last advance-
ment on the faith of the others, and without notice of
want of authority in Rudisill to make the pledge, we
think that the question of estoppel should have gone to
the jury under the proper instructions.

The defendant offered to prove by its agent at Ark-
adelphia that Rudisill represented to him that he had
authority to pledge the pianos for freight charges due
to him from the plaintiffs.  The court properly exclu-
ded this testimony.  The plaintiffs ought not to be

bound by the declarations of Rudisill. In procuring the advances he was acting for himself, and not as the agent of the plaintiff. It was competent, however, for the defendant to show by the witness that he made the advancement in question on the faith of the previous course of dealing as to other shipments.

For the reasons stated the judgment of the circuit court will be reversed, and the cause remanded. All the judges concur.