# Walton v. Parker.

*Action for Unlawful Detainer.*

1. *Unlawful detainer; rulings of justice of the peace on the pleadings not revisable on appeal to the circuit court.*—In the trial of a suit for unlawful detainer before a justice of the peace, rulings upon the pleadings, such as allowing amendments to the complaint, even if erroneous, are not revisable on appeal to the circuit court; the statute (Code of 1886, § 3405) requiring that on appeal to the circuit court the cause shall be "tried *de novo* \* \* \* without regard to any defects in the summons or other process or proceedings before the justice of the peace."

43

[Walton v. Parker.]

APPEAL from the Circuit Court of Barbour.

Tried before the Hon JOHN R. TYSON.

On the 10th day of July, 1895, suit was commenced before a justice of the peace in Barbour county against appellant, Mariah Walton, for unlawful detainer of a certain house and lot in the city of Eufaula. The summons in said cause commanded the defendant to appear to answer the complaint of N. C. Vaughan, agent for H. H. Parker. The caption of complaint was as follows: "N. C. Vaughan, agent for H. H. Parker vs. Mariah Walton." No names of parties plaintiff or defendant appeared in the body of the complaint. Afterwards, on the 28th day of July, 1895, plaintiff asked leave to amend the complaint by striking out the words "N. C. Vaughan, agent for" in the caption or style thereof. Defendant objected to the allowance of such amendment, because it would work an entire change in the party plaintiff, but the court overruled said objection and allowed such amendment, and such amendment being made, judgment was, on said 28th day of July, 1895, rendered in favor of the plaintiff in said justice of the peace court. On the 31st day of July, 1895, defendant took an appeal to the circuit court. At the June term, 1896, of the circuit court said cause coming on for trial, defendant renewed the objection which had been made in the justice of the peace court to the allowance of the amendment, and moved the court to strike out said amendment allowing the words "N. C. Vaughan, agent for" to be stricken out. The court overruled said motion, and the defendant excepted. Plaintiff then offered evidence tending to show that he rented the premises sued for to the defendant through N. C. Vaughan, as his agent; and that after the expiration of the lease the defendant refused to deliver up possession, although proper notice had been given as required by law. The defendant's testimony tended to show that no lease was ever executed. This was all the evidence.

Defendant asked the court in writing to charge the jury that "If the jury believed the evidence, that they would find for the defendant." The court refused to give this charge, and the defendant duly excepted. There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the overruling of his motion to strike the amendment to the complaint,

and in refusing to give the written charge requested by him.

H. D. CLAYTON and S. H. DENT, JR., for appellant. The amendments which were allowed by the justice of the peace was unwarranted.—*Lucas v. Pittman*, 94 Ala. 616; *Fowlkes v. M. & C. R. R. Co.*, 38 Ala. 310.

2. The justice having jurisdiction of the appellant, the defendant below, an appeal from the decision of the justice, the question having been raised in the justice of the peace court, was the proper remedy, since the justice of the peace had jurisdiction of the parties as well as the subject matter of the suit.—*Glaze v. Blake*, 56 Ala. 379; *M. & C. R. R. Co. v. Brannum*, 96 Ala. 461; *Independent Pub. Co. v. Amer. Press Asso.*, 102 Ala. 475.

G. L. COMER, *contra*.—The justice of the peace properly allowed the amendments proposed.—Code of 1886, § 2833; *Lucas v. Pittman*, 94 Ala. 616; *Ex parte Sullivan*, 106 Ala. 80; *Ex parte Nicrosi*, 103 Ala. 104.

2. When the defendant in the court below took a statutory appeal from the judgment rendered by the justice court in favor of H. H. Parker in the case then pending in said justice court, and filing a statutory bond as conditioned and required by law, payable to said Parker, then such case so appealed to the circuit court of H. H. Parker v. Mariah Walton must be tried *de novo.*—Code of 1886, § 3405; *Littleton v. Clayton*, 77 Ala. 271; *Kuhl v. Long*, 102 Ala. 563; *McConnell v. Worns*, 102 Ala. 587; *Glaze v. Blake*, 56 Ala. 379; *Ind. Pub. Co. v. Amer. Press Asso.*, 102 Ala. 475; 3 Brick. Dig., 592, §§ 47, 49.

McCLELLAN, J.—Conceding that the amendment of the complaint allowed by the justice of the peace was unwarranted, its allowance constituted a defect in the proceeding before the justice which is not available to the defendant on appeal to the circuit court, where the cause is required to be "tried *de novo*, and according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice."—Code, § 3405; *Littleton v. Clayton*, 77 Ala. 571; *McConnell v. Worns*, 102 Ala. 587.

Affirmed.