# Ball *v.* Mobile Light & Power Co.

*Action for Personal Injury to a Passenger, a Child.*

(Decided Nov. 15, 1905.   39 So. Rep. 584.)

1. *Carriers; Passenger; Existence of Relation; Evidence.*—On the issue as to whether a child under four years of age, riding upon a street car with its mother, who paid fare for herself, but not for the child, is a passenger, it is competent to show a general custom of the car company to carry children of that age free, under such circumstances.

2. *Same; Same; Question for Jury.*—It is a question of fact to be submitted to the jury, as to whether the child was a passenger, where there was evidence that there were seven or eight passengers on the car, and the child was one of them.

3. *Same; Injury to Passengers; Unusual Jerks; Negligence.*—Evidence tending to show that a street car was stopped with unusual suddenness and jerk, and that on account of it plaintiff was thrown from his seat and injured, raises a question for the jury on the issue of negligence in the manner of stopping the car.

4. *Same; Who are Passengers.*—A general custom of a car company to carry children under four years, free of charge when accompanied by some older person who pays a fare, creates, as to such a child, the relation of carrier and passenger.

APPEAL from Mobile Circuit Court.
Heard before HON. SAMUEL B. BROWNE.

[Ball v. Mobile Light & Power Co.]

Action by Freddie Ball by next friend against Mobile Light & Railroad Co., for damages resulting from negligent carriage of plaintiff as a passenger. The facts are sufficiently stated in the opinion of the court. At the conclusion of the testimony, the general affirmative charge for the defendant was given.

McAlpine & Robinson, for appellant.—The plaintiff was a passenger.—*A. G. S. R. R. Co. v. Yarbrough,* 83 Ala. 238; 5 Am. & Eng. Ency. of Law, (2nd Ed.) pp. 488 and 495 and authorities cited. Although a licensee under the proof in this case, plaintiff was entitled to recover.—*Davis v. Chicago & N. W. Co.,* 15 A. & E. R. R. Cases, 424; *Hogan v. Chicago,* Ib. 439. The evidence as to the starting and stopping of the car raised a presumption of negligence and required that its determination be left with the jury.—*Birmingham U. Ry. Co. v. Hale,* 90 Ala. 8; *Birmingham U. Ry. Co. v. Smith,* Ib. 60. It follows therefore that the court erred in giving the affirmative charge.

Gregory L. and H. T. Smith, for appellee.—There was no evidence that plaintiff was a passenger upon defendant's car. He was a mere licensee to whom the company owed no obligation except not to willfully injure him.—*McCauley v. P. C. I. R. R. Co.,* 93 Ala. 259; *L. & N. R. R. Co. v. Sides,* 129 Ala. 402. The child being on the car without payment of fare and without invitation, can be regarded in no other light than a mere licensee, and their age can make no difference.—*A. G. S. v. Moorer,* 116 Ala. 644; *H. A. & B. R. R. Co. v. Robbins,* 124 Ala. 113; *Railway Co. v. Julian,* 32 So. 1035. The court committed no error in refusing to permit it to be shown that the company carried children under five years of age without charge, when accompanied by a parent or other adult person; in any event, this rule or regulation cannot be proven by parol testimony.—*G. P. R. Co. v. Propst,* 90 Ala. 1; *L. & N. R. R. Co. v. Orr,* 94 Ala. 605.

The mere general license to a particular class of persons does not clothe them with any relation other than that of mere licensee to whom there is no duty to exercise care. —*McCauley v. T. C. & I. Co. v. supra; L. & N. R. R. Co. v. Sides, supra.*

DOWDELL, J.—No questions on the pleadings are presented by the record for our consideration. The plea of not guilty was filed to the complaint, and on this issue alone the case was tried. Upon the conclusion of the plaintiff's evidence, the defendant offering no testimony, the trial court, at the request of the defendant, gave the general affirmative charge in its favor.

The plaintiff's evidence showed that the plaintiff was a child under four years of age, and at the time of the alleged accident was riding on the defendant's street railway car, accompanied by his mother, who had paid her fare as a passenger on said car. No fare had been paid for the child, and in this connection it was competent for the plaintiff to show a general custom on the part of the defendant not to charge fare for the carriage of children of plaintiff's age. And under such circumstances we think there can be no doubt of the existence of the relationship of passenger and carrier between the child and the defendant. In the present case there was evidence, however, tending to show that the plaintiff was a passenger, irrespective of proof of a custom above adverted to. Rufus Williamson testified that "there were about seven or eight passengers on the car, and this little boy, Freddie Ball, was one of the passengers." With this testimony in, the question of passenger *vel non* was a question for the jury.

There was evidence tending to show that the car was stopped with unusual suddenness and a jerk, and by the sudden stopping of the car the child was thrown from the seat and injured. On this evidence the question of negligence in the manner of stopping the car by the defendant's servant was one for the determination of the

jury, and the court could not say as a matter of law that the defendant's servant was not guilty of negligence. It follows, therefore, that the court erred in giving the general affirmative charge for the defendant.

Reversed and remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.