# Crabtree, *et al. v.* Nolan.

*Detinue.*

(Decided April 15, 1909. 49 South. 309.)

1. *Bill of Exceptions; Signing; Time.*—Where a bill of exceptions was signed on June 11, and signed by the trial judge, and recited that it was tendered and approved on June 9, and the trial judge certified that it was filed and approved within the time allowed by the court's order, it will be presumed on appeal that it was signed on the day it was filed, and that day being within the time fixed by the order of the court, the bill will not be stricken.

2. *Justices of the Peace; Appeal From; Proceeding; Objection; Time.*—Where defendant appealed to a jury from a judgment of the justice of the peace, and the plaintiff took part in the trial before the jury without objecting to the appeal because no bond was given as required by the statute, plaintiff cannot raise that objection for the first time in the court to which defendant appeals from the judgment in the jury trial since the proceedings are otherwise regular and appeals from justice's judgment are triable de novo. (Sec. 488, Code 1896.)

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

[Crabtree, et al. v. Nolan.]

Detinue by I. D. Nolan against James E. Crabtree and others. On appeal from a jury trial in the justice court to the county court taken by the defendant, the plaintiffs move to dismiss because defendants fail to give bond as required by the statute, on an appeal to a jury trial in the justice court. The court dismissed the appeal from which judgment defendant brings this appeal. Reversed and remanded.

JOHN A. DARDEN, and CORNELIUS & GAY, for appellant. The trial court erred in granting plaintiff's, appellee's, motion to dismiss the appeal of defendants from judgment in justice court.—*Burns v. Henry,* 67 Ala. 209 ; *Glaze v. Blake,* 56 Ala. 379 ; *L. & N. R. R. Co. v. Barker,* 96 Ala. 435 ; *Davis Wagon Co. v. Cannon,* 129 Ala. 301 ; *Clem v. Wise,* 133 Ala. 408. The trial court erred in dismissing defendants' appeal from justice court.—Authorities supra; *Western Railway v. Lazzarus,* 88 Ala. 458 ; Code 1907, § 4720 ; Code 1896, § 488 ; 114 Ala. 673 ; *Thompson v. Lea,* 28 Ala. 453. Trial court erred in granting motion of plaintiff to dismiss defendants' appeal from judgment of justice of the peace upon the verdict of a jury in justice of the peace court.—Authorities supra; *Walton v. Parker,* 114 Ala. 673. Trial court erred in rendering judgment on plaintiff's motion to dismiss appeal of defendants.—Authorities, supra. Trial court erred in sustaining motion of plaintiff to dismiss defendants' appeal.—Authorities, supra; *Walton v. Parker,* 114 Ala. 673 ; *Burnes v. Henry,* 67 Ala. 209.

WHATLEY & CORNELIUS for appellee. It was the duty of the county court to dismiss the appeal ex meru motu. —3 Mayf. 1196 ; *Wyatt v. Judge,* 7 Port .39 ; *Merrill v. Jones,* 8 Port. 556 ; *Fields v. Walker,* 23 Ala. 167 ; *Wrightman v. Karsner,* 20 Ala. 446 ; *Wyly v. The State,* 117 Ala. 158 ; *Beech v. Lavender,* 138 Ala. 409.

DENSON, J.—This cause was tried on April 15, 1908, and the record shows that an order was entered allowing defendants 60 days from that date within which to tender and have signed a bill of exceptions. The conclusion of the bill is as follows: "Tendered and approved this 9th day of June, 1908, by Hon. W. J. Pearce, judge presiding; and I certify that the bill of exceptions was filed and approved in the time allowed by the order of the court entered April 15, 1908, (Signed) W. J. Pearce, Judge of the County Court of Clay." The judgment entry shows the order referred to, and the bill was filed June 11, 1908, as shown by the indorsement of the clerk. While the bill may not show with directness the date on which the judge's official signature was subscribed thereto, yet the presumption must be indulged that it was signed on the day of its filing, and, that day being within the time fixed by the order, it must be held that the motion to strike the bill is without merit.—*Kitchen v. Moye,* 17 Ala. 143; Id. 17 Ala. 394; *Dorsey's Case,* (Ala.) 39 South. 584.

The cause originated in a justice court, and from a judgment there rendered in favor of the plaintiff the defendants prayed an appeal to a jury. The jury was impaneled by the justice on the day fixed for the hearing, whereupon trial was had, and from a judgment rendered by the justice on the verdict of the jury in favor of the plaintiff the defendants carried the case by appeal to the county court. In that court the plaintiff's motion to dismiss the appeal was granted, and it is from the judgment dismissing the appeal that the defendants have taken an appeal to this court. The ground for the motion was that defendants' appeal from the justice's judgment to the jury was taken and granted without bond being first given as required by section 2687 of the Code of 1896. Upon this it is insisted that the judg-

[Blair v. Williams.]

ment rendered by the justice on the verdict of the jury was void, for want of jurisdiction in that official to submit the case to the jury, and would not support an appeal.

The record shows regularity in all other respects in the proceedings in the justice court. The record also shows that the plaintiff appeared, and entered into trial before the jury, without raising any point in respect to lack of a bond. In short, this question was first presented in the county court. If came too late and the county court erred in sustaining the motion.—Code 1896, § 488; *Glaze v. Blake,* 56 Ala. 379; *L. & N. R. R. Co. v. Barker,* 96 Ala. 436, 11 South. 453; *Western Railway, etc., v. Lazarus,* 88 Ala. 458, 6 South. 877; *Walton v. Parker,* 114 Ala. 673, 21 South. 826. The authorities cited by appellee are not in point.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and MAYFIELD, JJ., concur.