## ANTHONY G. BUSBY, Appellant, v. VALENTINE ALTES, Respondent.

### Kansas City Court of Appeals, April 4, 1910.

**LOAN OF PROPERTY: Acts of Ownership: Estoppel.** Where an owner of two horses loans them to a relative, who keeps them for a space of three years, and exercises acts of ownership over them inconsistent with the bailment, as by mortgaging them, and this is known to the owner who still permits the relative to retain possession, and the latter afterwards sells them to an innocent purchaser: *Held*, that the statute permitting a loan of property for a period of five years or less does not apply, and that the owner is estopped from claiming the horses.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker*, Judge.

AFFIRMED.

*J. C. McKinley* and *Thomas B. Davis* for appellant.

Under section 3401, R. S. of 1899, a bailor may loan personal property to a bailee and reclaim the same at any time within five years. Carter v. Feland, 17 Mo. 383; McDermott v. Barnum, 16 Mo. 114; Blount v. Hamey, 43 Mo. App. 644; Camp v. Railway, 62 Mo. App. 88.

*N. A. Franklin* and *J. W. Magee* for respondent.

(1) The plaintiff's kinsman was given authority to sell as well as hold possession of the horses in question, made him agent for that purpose, has ratified his act and is bound by the disposition his agent made of the property. Bank v. Jennings, 18 Mo. App. 651; McLachlin v. Barker, 64 Mo. App. 511. (2) By giving Williams the power to sell said team and ratifying his acts when he sold or mortgaged it, he is estopped to deny the power thus given when innocent third persons have acted on the assumption of Williams' ownership. Bank v. Jennings, supra; Walters v. Tielkemyer, 72 Mo. App. 371; McDermott v. Barnum, 19 Mo. 204; Camp v. Railway, 62 Mo. App. 85; Skinner v. Stouce, 4 Mo. 96; Guffey v. O'Reilly, 88 Mo. 426; Williams v. Kirk, 68 Mo. App. 462; Ewart on Estoppel pp. 18-20; Reischick v. Klingelhoeper, 91 Mo. App. 433; Snodgrass v. Emery, 66 Mo. App. 467; Davis v. Bank (Ind. T.), 89 S. W. 1015; Bank v. Buck, 123 Mo. 141. (3) The fact of Williams' power to sell and his right to mortgage is admitted and sworn to by the plaintiff. His admission is as binding on him as if put in his pleading. Holmes v. Leadbetter, 95 Mo. App. 419.

ELLISON, J.—This is an action of replevin for two horses. At the close of the evidence given by plaintiff in his own behalf, the trial court gave a peremptory instruction that the jury should find for defendant.

It appears from plaintiff's testimony that he was originally the owner of the horses, and that some three years before bringing this action he loaned them to his nephew, who lived about ten miles from him. The nephew to all outward appearances owned the horses, and there was nothing of record in the county to disclose that plaintiff had any title or claim to them. The nephew mortgaged the team as his own to one Borland; and at another time he traded them to another uncle. Plaintiff became aware of these transactions and while he caused the nephew to "rue back" with the uncle, he did not interfere in the matter of the mortgage except to notify Borland that the team was his. On the contrary, he still left the nephew in possession as before, to keep them until he called for them, one of his objects being to enable him to pay off the Borland mortgage. At another time he mortgaged the horses to Bonfoey, though it does not appear that plaintiff knew it.

It further appeared from plaintiff's testimony that he authorized the nephew to sell the team for one hundred and forty dollars net to plaintiff, the nephew to have all over that sum he could get.

After the nephew had thus used the horses for more than three years, he sold them to Helferstine & Pratt, and they afterwards sold them to this defendant. When plaintiff heard of the sale to Helferstine & Pratt he notified them of his claim of title, but at that time they had sold to defendant.

In our opinion the foregoing left plaintiff without any legal standing and the court could do no less than direct a verdict for defendant. Plaintiff relies upon section 3401, Revised Statutes 1899, which provides that if a loan of personal property is made and possession left with the bailee for more than five years, the property shall be considered to be the bailee's as to his creditors and purchasers. The claim is made that as the nephew had not been in possession five years, plaintiff's title stood unimpaired. But we think the evidence

given by plaintiff leaves him without right or claim to conditions named in the statute, leaves the statute without application to the case made.

Plaintiff loaned the horses to his nephew and though be became aware that the nephew repudiated the bailment and claimed them as his own and conveyed them to others, he still left them in his possession; and more than that, he had authority to sell them, provided he got a certain price net to the plaintiff.

We do not see how the case is to be distinguished from McDermott v. Barnum, 19 Mo. 204. The syllabus in that case recites that "If A. leaves his personal property in the possession of B. and with knowledge that he is holding himself out to the world as the owner of it, stands by and permits this conduct, he will be estopped from afterwards claiming the property as his own against parties who have trusted B. upon the faith of it." In this case plaintiff says he protested against his nephew's conduct and notified the parties to whom he had traded and mortgaged the property. But that was useless, when he at each time permitted him to keep them. When he learned that the nephew had repudiated the bailment and that he laid claim of ownership by actually disposing of the property, it became his duty to the public, thus liable to be deceived, to protect them against such such acts, and failing in this, he should be estopped, when at last the party he thus trusted with apparent ownership succeeds in selling the property to purchasers with no knowledge of his title.

In McNeil v. Bank, 46 N. Y. 325, it is held that where the owner of property confers upon another an apparent title or power of disposition over it, he is estopped from asserting his title as against an innocent third party who has dealt with the apparent owner in reference thereto, without knowledge of the claim of the owner.

In Camp v. Railway Co., 62 Mo. App. 85, the St. Louis Court of Appeals said that: "The principle is

well established, and it finds application in cases at law as well as in equity, that, where one knowingly permits another to deal with his property as his own by selling or pledging it, and an innocent third party acts on the faith of it to his prejudice, the real owner will be estopped from impeaching the transaction on the ground of his better title. . . . Or, stating it another way, if one, by his conduct causes another to believe in a certain state of facts and a third person acting upon it assumes responsibility or parts with his property the former will be estopped to deny that such facts really existed."

The ruling of the trial court was manifestly right and the judgment is affirmed. All concur.